## Abel v. Township of Middletown

*Joseph T. Labrum, Jr.*, for plaintiffs.
*Rodger L. Mutzel*, for defendant.

BLOOM, J., April 13, 1971.—Prior to January 1, 1969, municipalities in the Commonwealth of Pennsylvania had no power to adopt what is known as a planned residential development (PRD). Now, by virtue of the provisions of article VII of the Pennsylvania Municipalities Planning Code of July 31, 1968 (no. 247) 53 PS §10701, et seq., Pennsylvania municipalities (excepting certain municipalities not here relevant) may adopt a planned residential development ordinance.

The grant of such a power enables municipalities and landowners therein to avoid a multiplicity of procedures concerning plot plans, plats, subdivisions and zoning applications by combining these various

procedures in what the Municipalities Planning Code terms a "development plan." There is thus provided an expeditious and flexible method for determining land development. See 53 PS §10701, supra. Middletown Township has adopted a planned residential development ordinance.

The Municipalities Planning Code specifically provides, 53 PS §10707, how a landowner, such as plaintiffs here, may endeavor to have a development plan for his land approved for planned residential development. That section refers to tentative and final approval of such a development plan but does not mention a land use plan such as required by defendant township in this case.

Section 708 of the Municipalities Planning Code, 53 PS §10708, mandates a public hearing within 60 days of the filing for tentative approval and further sets forth the type of public notice, the type of public hearing and other matters concerning the conduct of the hearing on said application.

Section 712, 53 PS §10712, provides for judicial review of the granting or denying of tentative or final approval of a development plan for a planned residential development.

An examination of the Middletown Township Planned Residential Ordinance discloses that it requires a land use plan must be approved before there can be consideration of a tentative or final approval of a development plan for a planned residential development. To permit defendant township the power to require such a land use plan is an unauthorized expansion of the powers conferred upon it by the Municipalities Planning Code, where the power to reject and deny such a land use plan is claimed by the township not to be subject to judicial review. Permitting such a procedure interposing the approval

of the land use plan as a necessary prerequisite in order to apply for tentative approval for a planned residential development can only lead to chaos and a complete breakdown of the stated purposes of the Municipalities Planning Code. See sections 701 and 707, supra, where such purposes are expressed.

The matter now before the court arises from an appeal by plaintiffs from defendant township's refusal to approve plaintiffs' land use plan for the development of certain property in Middletown Township. Plaintiffs' contention is that this court has the right to review the findings of defendant township in refusing approval of their land use plan. It is the contention of defendant that the right of judicial review is not applicable in the present case, since no evidentiary hearing was held by the Board of Supervisors of Middletown Township by which plaintiffs' land use plan was disapproved, and, thus, plaintiffs' appeal was premature.

In fact, there is no record of any hearing at which plaintiffs' plan was refused. However, there is, as a matter of record, a letter from defendant township advising plaintiffs that their plan was refused. It would seem, therefore, that in light of the ordinance in question, plaintiffs have been effectively barred from pursuing the development of their property.

This court expressly finds that the plaintiffs have a right to have the determination of the Board of Supervisors of Middletown Township reviewed by the court in accordance with 53 PS §10712 and 53 PS §10911. However, this court can make no decision in this matter, since there is no record to review.

Therefore, it is the decision and order of this court that the matter be remanded to the Board of Supervisors of Middletown Township for the purpose of conducting an evidentiary hearing on the merits of

plaintiffs' land use plan. Said hearing shall be conducted in accordance with 53 PS §10708. Thereafter, the Board of Supervisors of Middletown Township shall submit to this court its decision and the findings of fact upon which the board bases its decision.