Westrum Enterprises, a limited partnership, Appellant, *v.* Board of Commissioners of Upper Dublin Township, Appellee.

Argued June 2, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*J. Peirce Anderson*, with him *Kane, Pugh, Anderson, Subers & McBrien*, for appellant.

*Raymond Jenkins*, with him *Mabel D. Sellers* and *Jenkins & Acton, P.C.*, for appellee.

OPINION BY JUDGE KRAMER, August 7, 1975:

This is an appeal by Westrum Enterprises, a limited partnership, from a decision of the Court of Common Pleas of Montgomery County. The court affirmed a decision of the Board of Commissioners of Upper Dublin Township which rejected Westrum's challenge to the validity of a zoning ordinance and request for curative amendment. The issue in this case is whether the Township's zoning ordinance is unconstitutional because it fails to provide for townhouse development anywhere in the Township. This issue was decided in *Dublin Properties v. The Board of Commissioners of Upper Dublin Township*,[1] which held that the ordinance is unconstitutional.

Westrum is the equitable owner of two separate parcels of land located in an area of the Township zoned A-Residential. Westrum challenged the validity of the Township's zoning ordinance pursuant to section 1004(1)(b) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11004(1)(b). The legal basis of the challenge was the argument that the ordinance failed to provide for townhouse development. Pursuant to section 1004 of the MPC, Westrum filed a proposed curative amendment, and plans depicting proposed developments for each of Westrum's two tracts. The plans propose a development of

---

1. 21 Pa. Commonwealth Ct. 54, 342 A.2d 821 (1975).

"quads" or "fourplexes"[2] on one tract and development of one and two-story townhouses[3] on the other tract. These plans, however, are "not hard and fast proposals" and the record does contain alternative plans which involve only townhouses.

Following a hearing, the Board of Commissioners denied Westrum's request for a curative amendment at a public meeting on May 14, 1974. Westrum appealed to the lower court which affirmed the Board in a decision dated December 9, 1974.

As noted above, the legal issue involved in this case was decided in *Dublin Properties, supra*. The Township's ordinance is unconstitutional because it expressly excludes row houses from its definition of multiple dwelling and fails to provide for townhouse development anywhere in the Township. *Ellick v. Board of Supervisors of Worcester Township,* 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975).

The legal issue in this case having already been decided in Westrum's favor, we must remand so that the lower court may determine what "elements" of Westrum's plans or alternative plans should be approved. *See* section 1011 of the MPC, 53 P.S. §11011. Our opinion in *Ellick, supra,* analyzed curative amendment procedure and set forth guidelines which should aid the lower court in disposing of this case.

On remand, the lower court will have to resolve certain factual issues in order to pass upon Westrum's plans. Westrum's proposed "quads" are clearly not row

---

2.  Although the terms "quad" or "fourplex" are never precisely defined in the record, Westrum's plans indicate that a quad is a rectangular building containing four dwelling units, with each unit sharing one sidewall and one rear wall with another unit.

3.  The type of development which is commonly referred to as townhouses, consists of modernized row houses. *Camp Hill Development Co., Inc. v. Zoning Board of Adjustment of the Borough of Dauphin,* 13 Pa. Commonwealth Ct. 519, 319 A. 2d 197 (1974).

houses, and it is not clear whether "quads" are unlawfully restricted by the ordinance. Under section 1011 of the MPC a lower court may order a proposed development approved only if the ordinance "unlawfully prevents or restricts" the development. There is no established legal definition for "quads" or "fourplexes." *Kaufman and Broad, Inc. v. Board of Supervisors of West Whiteland Township*, 20 Pa. Commonwealth Ct. 116, 340 A.2d 909 (1975). The lower court will have to determine precisely what a "quad" is, and decide whether it is an excluded use under the ordinance. If "quads" are permitted by the ordinance, then the lower court lacks authority to order quads approved, and will have to limit its consideration to the plans which involve only townhouses.

In accordance with the above, we therefore

ORDER

AND NOW, this 7th day of August, 1975, the order of the Court of Common Pleas of Montgomery County, dated December 9, 1974, in the above-captioned matter, is hereby reversed, and it is ordered that the entire matter be remanded to the court below for disposition under the provisions of sections 1010 and 1011 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11010, 11011, not inconsistent with the opinion set forth above.