Katamoonchink Corporation *v.* Board of Supervisors of West Whiteland Township.   (2 Cases)

Argued June 7, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER and BLATT. Judge ROGERS did not participate.   Judge KRAMER did not participate in the decision.

*William H. Mitman,* for applicants.

*William H. Lamb,* with him *Frank J. Williams,* for Board of Supervisors.

OPINION BY JUDGE MENCER, August 10, 1977:

In *Kaufman and Broad, Inc. v. West Whiteland Township,* 20 Pa. Commonwealth Ct. 116, 340 A.2d 909 (1975), relying heavily on *Ellick v. Board of Supervisors of Worcester Township,* 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975), we precisely spoke to the role of the courts of common pleas in exercising their broad supervisory powers in cases dealing with curative amendments and challenges to zoning ordinances. Our disposition in *Kaufman* was as follows:

> Order of the Court of Common Pleas of Chester County reversed and this case remanded to said court to allow it to exercise its broad supervisory powers of review over the submitted plans of Kaufman and Broad, Inc., and for its remand to the Board of Supervisors of West Whiteland Township (a) to construe the term 'fourplex unit'; (b) to determine whether or not fourplex units are unconstitutionally excluded uses under the ordinance; (c) to take such steps pursuant to the Municipalities Planning Code to implement any decisions concerning (a) and (b) as may be necessary.

20 Pa. Commonwealth Ct. at 128, 340 A.2d at 915.

In response to this order, the Court of Common Pleas of Chester County, on August 6, 1975, remanded

the case to the Board of Supervisors of West White-land Township (Board), which held a public hearing on October 13, 1975. On November 12, 1975, the Board entered its "findings" and returned the matter to the Court of Common Pleas of Chester County. On December 9, 1975, Kaufman and Broad, Inc., filed a zoning appeal from the Board's findings and decision of November 12, 1975 and also filed with the court below a petition for approval of plans, seeking an order of court approving the plans submitted to the Board and directing the Board to issue building permits.

The zoning appeal was captioned to be filed at No. 226 March Term, 1974, in the Court of Common Pleas of Chester County, being the term and number of all proceedings relative to the matter prior to December 9, 1975. However, the Prothonotary crossed out the proffered term and number and, on his own, substituted and filed the zoning appeal to No. 140 December Term, 1975, in the Court of Common Pleas of Chester County.

On February 23, 1976, the court below filed an opinion and order, the pertinent part of which reads as follows:

Although the [petition for approval of plans] alleges that contemporaneously with the filing of the Petition, [Kaufman and Broad, Inc.] filed a Zoning Appeal from the Findings of the Board of Supervisors of West Whiteland Township of November 12, 1975, *no such appeal appears of record* in this matter.

In view of that fact, and the fact that more than thirty (30) days have expired since the entry of the findings by the Board of Supervisors, this Court has no challenge before it to determine and must accept the findings of the Board of Supervisors.

However, pursuant to the Opinion of the Commonwealth Court, in the exercise of the broad supervisory powers of review over the submitted plans of Kaufman and Broad, Inc., and the township having stipulated that the then existing ordinance was unconstitutionally exclusionary as applied to town houses, those town houses on the submitted plan should be approved. However, insofar as the plan provides for an excessive and overbroad use, we cannot approve the plan as submitted. Applying the standard set forth by the Commonwealth Court in its opinion in this matter, we enter the following:

ORDER

AND Now, February 23, 1976, it is hereby ordered that the plan submitted by Kaufman and Broad, Inc. be and is hereby approved to the extent of those structures designated 'town houses' and numbering 178 units. (Emphasis in original.)

Both the Board (No. 469 C.D. 1976) and Kaufman and Broad, Inc. (No. 513 C.D. 1976)[1] appealed this February 23, 1976 order, and regrettably we must once more remand this case.

Section 504 of the Appellate Court Jurisdiction Act of 1970, 17 P.S. § 211.504, reads as follows:

An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order,

---

[1] Upon petition for substitution, to which no answer was filed, this Court granted the petition and allowed Katamoonchink Corporation to be substituted for Kaufman and Broad, Inc., as a party appellee at No. 469 C.D. 1976 and as a party appellant at No. 513 C.D. 1976.

or require such further proceedings to be had as may be just under the circumstances.

Accordingly, we have been granted the authority and power to remand and require such further proceedings as may be just under the circumstances. The pronouncements of our Supreme Court require that all issues must be properly preserved in the lower court before an appellate court will review them. *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974). Here, in order to properly preserve objections to the findings of fact made a part of the Board's November 12, 1975 decision, a timely appeal must have been taken and notice of appeal filed. It was exactly this point that was the rationale for the lower court's order in the instant case. However, contrary to the lower court's assertion, a timely appeal from the findings of fact made by the Board, and a notice of appeal, had in fact been filed.

An examination of the appeal notice discloses that it was properly captioned and was to be docketed at No. 226 March Term, 1974. Nevertheless, the Prothonotary of Chester County, or his agent, scratched out the typewritten caption docket number and entered, in his handwriting, a new docket number. By so doing, the Prothonotary failed to comply with Rule 27 of the Court of Common Pleas of Chester County, which reads, in pertinent part, as follows:

Appeals from Zoning Hearing Board of Municipality . . . (c) whenever an appeal is taken from a decision of a zoning hearing board and the record is returned by this court to the zoning hearing board for further proceedings, and another appeal from the zoning hearing board is taken in the same case, the number of the original appeal shall be set forth in the notice of the subsequent appeal filed with the Prothonotary, *and the Prothonotary shall docket*

*and file such subsequent appeal to the number
of the original appeal.* (Emphasis added.)

Upon receipt of the lower court's opinion and order of February 23, 1976, which alerted the parties to the error made by the Prothonotary, Katamoonchink Corporation (Katamoon) petitioned the court to correct the record and reconsider its order of February 23, 1976. The lower court declined to do so and, in effect, foreclosed Katamoon from raising objections in an appellate court to the Board's findings. *Kimmel v. Somerset County Commissioners,* 460 Pa. 381, 333 A.2d 777 (1975).

More important to our present concern is that the lower court's order was premised on the incorrect belief that no appeal had been taken from the Board's findings of fact. The lower court stated: ''In view of that fact [no appeal appears of record in this matter], and the fact that more than thirty days have expired since the entry of the findings of the Board of Supervisors, this Court has no challenge before it to determine and must accept the findings of the Board of Supervisors.''

Thus, the court assumed that there were no objections to the Board's findings, and this incorrect premise prevented the lower court from being totally informed when reaching a conclusion on the petition for the approval of the plans.

Accordingly, we are satisfied that, in order to ''be just under the circumstances,'' it is necessary to reverse the order of the Court of Common Pleas of Chester County, dated February 23, 1976, and to remand this matter to allow that court the opportunity to consider and rule upon the erroneously docketed appeal taken from the Board's findings.[2]

---

[2] A further reason for our decision today to once more remand this case to the lower court is to afford that court an additional op-

Order reversed and case remanded to the Court of Common Pleas of Chester County to allow it to consider and rule upon the zoning appeal erroneously filed in said court at No. 140 December Term, 1975 and to allow it to exercise its broad supervisory powers of review over the submitted plans of Kaufman and Broad, Inc., now by substitution, Katamoonchink Corporation.

JUDGE KRAMER did not participate in the decision in this case.

ORDER

Now, this 10th day of August, 1977, the order of the Court of Common Pleas of Chester County, under date of February 23, 1976 and filed to No. 226 March Term, 1974, is hereby reversed, and this case is hereby remanded to said court to allow it to consider and rule upon the zoning appeal erroneously filed in said court at No. 140 December Term, 1975 and to allow it to exercise its broad supervisory powers of review over the submitted plans of Kaufman and Broad, Inc., now by substitution, Katamoonchink Corporation.

---

portunity to reach its decision in accordance with those guidelines enunciated in *Ellick v. Board of Supervisors of Worcester Township, supra*, and the provisions of Section 1011 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11011. The lower court's failure to do so when formulating its order of February 23, 1976 resulted in *both parties* filing appeals here (Nos. 469 C.D. 1976 and 513 C.D. 1976) raising that issue.