Catherine O'Hey Yoh and 1700 Sansom Street Corp., Appellants *v.* Board of Commissioners of West Norriton Township, Appellee.

Argued April 5, 1978, before President Judge Bow-MAN and Judges CRUMLISH, JR., WILKINSON, JR., MEN-CER, ROGERS, BLATT and DISALLE.

*Lenard L. Wolffe,* with him *J. Barry Curtin, Stanley A. Uhr,* and *Pechner, Dorfman, Wolffe, Rounick & Cabot,* for appellant—Landowners.

*Roger B. Reynolds, Jr.,* Associate Counsel, with him *Russell J. Brownback,* Solicitor, for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 31, 1978:

Catherine O'Hey Yoh and the 1700 Sansom Street Corporation (Appellants) are owners of 33 acres of land zoned Rural Residential (R-A) situated in West

Norriton Township (Township), Montgomery County. The R-A zoning classification permits the development of single family detached dwellings on 40,000 square foot lots with a maximum allowable building coverage of 8,000 square feet per lot. This is the most restrictive use category within the Township's ordinance. Appellants desire to develop townhouses on these 33 acres.

The Township's zoning ordinance (Ordinance) does not provide for townhouse development and, in fact, precludes attached and semi-detached buildings as a permitted use.[1] Because of this prohibition, Appellants claim that the Township's ordinance is constitutionally defective and challenged it by way of Curative Amendment under Sections 609.1 and 1004 of the Pennsylvania Municipalities Planning Code (Code).[2] The Curative Amendment calls for the development of 264 townhouse units on 33 acres with a gross density of eight units per acre.

Because the Township Commissioners failed to render a post-hearing decision, the application for curative amendment was deemed denied,[3] and Appellants appealed to the Court of Common Pleas. That court took no additional evidence and concluded that townhouse development was permitted within the Township's "A-Apartment House District," and that the Township's Ordinance, therefore, could not be declared to be exclusionary in purpose or effect. Appel-

---

[1] Section 15-13.8 of the Township's Zoning Ordinance states in relevant part:

Prohibited Uses. . . . *Attached or semi-detached buildings* used exclusively as dwellings, and multiple dwellings except on conversion, *shall not be permitted in any district.* (Emphasis added.)

[2] *See* Sections 609.1 and 1004 of the Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10609.1 and 11004, respectively.

[3] *See* Section 1004 of the Code, 53 P.S. §11004(e)(iii).

lant's application for curative amendment, therefore, was denied.

In arriving at its decision, the lower court did not discuss the prohibitory language of the Township's Ordinance, but relied solely on the definition of "apartment" and "apartment house" contained within Chapter XV, Sections 15-18.1 w and x, respectively, of the Ordinance which state as follows:

w. *Apartment.* Two or more rooms of which one shall be an adequately equipped private bathroom excepting in the case of a housekeeping apartment, which shall consist of three or more rooms of which one shall be an adequately equipped private kitchen, the rooms being designed for and occupied exclusively as a residence for only one family.

x. *Apartment House.* A single building designed for and occupied exclusively as a residence for three, or more families, living independently of one another. A basement in an apartment house shall not contain habitable rooms except janitor's living quarters.

Appellants bring their appeal to us and assert that the lower court erred in concluding that townhouses are permitted as a matter of right within the "A-Apartment House District." They argue that the prohibition of attached and semi-detached buildings precludes the development of townhouses as a matter of right anywhere within the township and that this prohibition results in an unconstitutional exclusion of a reasonable, legitimate and recognized use. *See Camp Hill Development Co. v. Zoning Board of Adjustment,* 13 Pa. Commonwealth Ct. 519, 319 A.2d 197 (1974).

The Township concedes that its prohibition of attached and semi-detached buildings rendered its ordinance unconstitutionally exclusionary, but argues that

that prohibition was impliedly repealed by a September 17, 1973 amendment to Section 15-12.6b of the Ordinance. The pre-amendment language of Section 15-12.6b stated as follows:

15-12.6 Control of Apartment House Building Developments.

. . . .

b. Each apartment house building shall constitute a single operating and maintenance unit.

The purported repealer section states in relevant part:

Section 1. Chapter XV Section 15-12 Subsection 15-12.6 subsection b. is hereby repealed and, in lieu thereof, a new subsection b is substituted to read as follows:

b. Each apartment house building shall constitute a single operating and maintenance unit *except where the apartment house building is being developed for a condominium.*[4] (Emphasis added.)

The Township equates condominiums with townhouses and argues that the amendment to its ordinance negates the Township-wide prohibition against townhouses. It is also submitted that *Benham v. Board of Supervisors of Middletown Township,* 22 Pa. Commonwealth Ct. 245, 349 A.2d 484 (1975), controls our decision. We disagree.

The Township's condominium/townhouse equation is faulty. In *Kaufman and Broad, Inc. v. Board of Supervisors of West Whiteland Township,* 20 Pa. Commonwealth Ct. 116, 120, 304 A.2d 909, 911 (1975), we stated:

[C]ondominiums are not uses but are merely a method of expressing realty ownership. Condominium-type ownership is statutorily provided

---

[4] *See* West Norriton Township Ordinance No. 396 enacted September 17, 1973.

for under the Unit Property Act, Act of July 3, 1963, P.L. 196, as amended, 68 P.S. §700.101 et seq. This Act is inclusive enough to include townhouse uses as possibilities for condominium ownership, but *a condominium cannot be a use itself.* (Emphasis added.) (Footnote omitted.)

Therefore, the provision contained within the September 17, 1973 amendment to the Township's Ordinance referencing condominium ownership of apartment dwellings had no impact whatsoever on the Ordinance provision excluding attached and semi-detached buildings as a permitted use, and is of no consequence in this case. Nor does our holding in *Benham, supra,* have any controlling effect here. In that case, Middletown Township excluded row dwellings as a permitted use. That prohibition, however, was explicitly repealed by an enactment adding a Planned Residential Development article to Middletown Township's zoning regulations permitting townhouse development as a matter of right.

Here, there is neither an implied or expressed repeal of the Township's prohibition of townhouses, nor incorporation of provisions permitting townhouse development.

We are satisfied that Appellants have sustained their heavy burden rebutting the presumption in favor of the validity and constitutionality of the Ordinance. *See Surrick v. Zoning Hearing Board of the Township of Upper Providence,* 11 Pa. Commonwealth Ct. 607, 314, A.2d 565 (1974). We are as equally satisfied that the Township has failed to sustain its burden of proving the necessity of townhouse exclusion in terms of the public health, safety, morals and general welfare. *See Beaver Gasoline Co. v. Osborne Borough,* 445 Pa. 571, 285 A.2d 501 (1971).

In summary, we hold that the Township's Ordinance is unconstitutional and Appellants' application

for Curative Amendment must be granted, subject to such reasonable zoning regulations as the lower court determines are necessary for townhouse development. Because the lower court committed an error of law, we are compelled to reverse its order and remand.[5]

Accordingly, we

ORDER

AND Now, this 31st day of July, 1978, the order of the Court of Common Pleas of Montgomery County is reversed and the case is remanded to said court with the direction that the application for curative amendment of Catherine O'Hey Yoh and the 1700 Sansom Street Corporation be granted subject to such reasonable zoning regulations as the said court determines are necessary for townhouse development.

---

[5] Where the court below took additional evidence, it is our duty to determine whether it committed an error of law or abused its discretion. *See Camp Hill Development Co., supra.*