## Borough of Wormleysburg v. Brinton

*Myers, Myers & Flower*, for plaintiff.

*Henry L. Stuart, Charles H. Stone* and *Frank R. Hean*, for defendant.

JACOBS J., February 14, 1958.—On May 10, 1950, the Borough of Wormleysburg adopted a zoning ordinance. Section no. 1300, art. XIII, of said zoning ordinance contained the following provisions:

"Article XIII: Annexation to Borough

"Section No. 1300: All new territory annexed to the Borough shall automatically become Residence District 'R-1' until definite boundaries and regulations for such territory are recommended by the Borough Planning Commission and adopted by the Borough Council."

Section 700, art. VII, of said zoning ordinance prohibited the erection of billboards, signs or structures intended for advertising purposes in R-1 residential districts.

At the time of the enactment of the zoning ordinance defendant was the owner of a tract of land in East Pennsboro Township near the Borough of Wormleysburg. An ordinance of the Borough of Wormleysburg annexing land in East Pennsboro Township of which defendant's land was a part was filed in the Court of Quarter Sessions of Cumberland County on July 18, 1952, this being the earliest date upon which said annexation ordinance could have become effective.

In the spring of 1957 defendant erected 14 advertising billboards on his land. Plaintiff claimed that this was a violation of the provisions of its zoning ordinance and brought a suit for a penalty under the provisions of the zoning ordinance against defendant before a justice of the peace. The justice of the peace entered judgment against defendant who appealed to this court. Plaintiff filed a complaint in this court to which defendant filed an answer raising new matter alleging therein that the above recited section no. 1300 of the zoning ordinance was invalid so far as it applied to the land of defendant, and alleging that there is no

zoning ordinance in effect which prohibits the erection of billboards on defendant's land. Plaintiff filed a reply in which it admitted that no action in regard to the zoning of this tract of land had been taken since the enactment of section 1300 of the zoning ordinance in 1950, and basing its right to enforce a penalty on the 1950 ordinance. At the same time that it filed its reply it filed a motion for judgment on the pleadings.

In Kline v. Harrisburg, 362 Pa. 438, Judge Woodside, then a judge of the court of common pleas, now a judge of the Superior Court, in an exhaustive opinion, enumerated many of the legal principles underlying zoning by municipalities. His opinion was adopted by the Supreme Court. We quote the following pertinent excerpts from his opinion:

"It is settled in Pennsylvania that in the absence of the granting of specific power from the Legislature municipalities do not have the authority to pass zoning ordinances": Page 447.

"In Pennsylvania our highest court has said: 'It is a fundamental principle that the authority of a municipal body is to be found in the statute which confers it, and must be exercised strictly in the manner therein provided,' Miners S. Bank vs. Duryea Borough, 331 Pa. 458, 462": Page 450.

"In Gilfillan's Permit, 291 Pa. 358, 361 (1927) Justice Frazer, speaking for the court said: 'But inasmuch as the natural effect of ordinances of this description is to limit private rights in the interest of the public welfare, the exercise of the power must be carefully guarded. . . .' ": Page 451.

"In summarizing we point out that we start in this case with the proposition that before specific legislative authority to zone was given municipalities they did not have the authority under their general powers to enact zoning ordinances; that the legislature then gave

them power to enact zoning ordinances but specifically set forth what they shall do before they impose any regulations or restrictions. It is our opinion that the municipalities must comply with the provision of the statute relating to zoning before they can enact any restrictions": Page 457.

In Rich & Company Appeal, 84 D. & C. 393, the County Court of Allegheny County decided that the zoning ordinance of the City of Pittsburgh enacted in 1923 did not attach to land of an adjoining township annexed to the city in 1951. At the time the question arose no amendment had been passed to the zoning laws of the City of Pittsburgh in reference to the land annexed. The court arrived at its decision by holding that the city zoning ordinance could not affect the property annexed without an amendment designating the district in which the property should be classified. The court made this decision because of the provision in the laws governing cities of the second class, to wit, Pittsburgh, requiring that in zoning: "Cities shall not determine the boundaries of any district, nor impose any regulations or restrictions until after the final report of the city planning commission and after hearing before council." The court came to the conclusion that the zoning ordinance of the city, at the time appellant applied for a permit, had not classified appellant's property into a use district, and that appellant's property was therefore not zoned.

While we are not bound by the Rich & Company Appeal case, we feel that the reasoning in that case is sound and applicable to the case now before this court. The following provisions appear in The General Borough Act of May 4, 1927, P. L. 519, as added, in regard to zoning:

"(a) For any or all of said purposes, the council may divide the borough into districts, of such number, shape, and area as may be deemed best suited to carry

out the purpose of this article. *Within such districts it may regulate and restrict the erection, construction, reconstruction, alteration, repair or use of buildings, structures or land. . . ."* (Italics supplied.)

"(b) The council shall provide by ordinance the manner in which the boundaries of such districts shall be determined and established and from time to time amended or changed. *However no such boundary shall become effective until after public hearing in relation thereto at which parties in interest and citizens shall have an opportunity to be heard. At least fifteen days' notice of the time and place of such hearing shall be published in a newspaper of general circulation in such borough"*: 53 PS §48302. (Italics supplied.)

Under the above provisions of the statute the Borough of Wormleysburg could divide the borough into districts. When the ordinance was enacted in 1950, it could only be effective as to land then within the borough. It was only after the portion of East Pennsboro Township in which defendant's land is located became a part of the Borough of Wormleysburg that it could become a district of the Borough of Wormleysburg for zoning purposes. Thereafter if the borough wanted to zone the annexed land, it was the duty of the borough to designate the annexed land as a district or part of a present district by ordinance. At such time parties in interest and citizens were entitled to have an opportunity to be heard at a public hearing and had the right to be given notice of the time and place of such hearing by advertisement in a newspaper. A borough cannot zone land within the borough without notice and public hearing and it would be unthinkable to permit a borough to zone land outside the borough without notice and a public hearing. To uphold section no. 1300 of the Wormleysburg zoning ordinance would do just that.

As has been said many times, zoning is in derogation of the common law and municipalities must comply

strictly with the provisions of the statutes giving them the power to zone before they can enact any restrictions.

It has been suggested that defendant cannot question the validity of this zoning ordinance as it applies to his land in this case, but must proceed under the provisions of the zoning ordinance. This we assume would be an appeal for a variance to the board of adjustment set up under the zoning ordinance in the borough and an appeal from the action of that board if a variance was not granted. It is true that where a statutory remedy is provided the provisions of that statute must be followed. However, in all cases involving the zoning laws where appellant has been required to follow the procedures set forth in the zoning laws, appellant has been one whose land was included in the zoned district. In the case now before the court the contention of defendant which we have sustained is that his land was never covered by the zoning ordinance of the borough. It would be an injustice to make him follow the provisions of a statute which did not apply to his land. The borough had no power to zone defendant's land in 1950 and we have held that it made no attempt to zone it after it became part of the borough. The following statement contained in Jacobs v. Fetzer, 381 Pa. 262, at page 266, governs this situation:

"Of course, 'If officials act without authority or without power, any appropriate remedy may be used to prevent enforcement of their orders.' "

### Order

And now, February 14, 1958, plaintiff's motion for judgment on the pleadings is refused and judgment is entered for defendant.