## Mutzig, Appellant, v. Hatboro Board of Adjustment.

Argued January 15, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

458

*Clarke F. Hess*, with him *Butera, Detwiler & Hess*, for appellant.

*Edward Fackenthal*, with him *Knox Henderson*, and *Henderson, Wetherill & O'Hey*, for board of adjustment, appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 9, 1970:

This is an appeal from the decision of the Court of Common Pleas of Montgomery County affirming the decision of the Board of Adjustment of the Borough of Hatboro denying appellant an application for a building permit to erect and operate a gasoline service station at the northeast corner of South York Road and Lehman Avenue in the Borough of Hatboro.

Under §1101(N)(10) of the Zoning Ordinance then in effect, gasoline service stations were permitted in that section of Hatboro when allowed as a special exception. Appellant filed an application for a special exception with the Zoning Board of Adjustment on May 9, 1967. However, on May 31, 1967, when appellant appeared with his counsel and witnesses before the Board of Adjustment, the Board refused to entertain appellant's application until the Borough Council had an opportunity to pass upon proposed Amendment #506 to the Zoning Code which would prohibit the erection and operation of gasoline service stations within one thousand feet of other service stations and drive-in restaurants and within two hundred feet of schools,

churches and other public facilities. The amendment was adopted August 22, 1967.

The meeting of the Zoning Board immediately following the adoption of the amendment was on August 27, 1967. Because the special exception application made by appellant did not conform with the amended ordinance, the application was denied.

The calendar of significant events in the instant case is as follows:

April 10, 1967: Borough Council resolved to conduct a public hearing on the following June 12 to consider amending the special exception provisions dealing with gasoline service stations and drive-in restaurants.

May 9, 1967: Appellant applied to Zoning Board for a special exception granting a building permit.

May 18, 1967: The Hatboro Borough Council advertised that a public hearing would be held to consider the adoption of the amendment to the Zoning Ordinance.

May 31, 1967: Hearing on appellant's appeal scheduled before Board of Adjustment. Board of Adjustment refuses to hold hearing on basis that aforesaid amendment was pending.

In argument both parties assume that the major issue is whether the proposed amendment was pending on May 9, 1967, when appellant first applied to the Board of Adjustment for a special exception. If this were true, this action by the Board of Adjustment could not be upheld. At the time of appellant's appeal to the Board, the proposed amendment was not yet pending.

Appellee contends that Ordinance #506 was pending as of April 10, 1967, when it was first mentioned at a regular Borough Council meeting in the form it was ultimately adopted. At that time it was resolved by the council to conduct a public hearing on the following June 12 to consider the proposed amendment.

We cannot agree with appellee's contention that the amendment was pending after it was first discussed at the Borough Council meeting on April 10.

The facts in *Lhormer v. Bowen,* 410 Pa. 508, 188 A. 2d 747 (1963), are somewhat similar to those in the case at bar. In *Lhormer,* the ordinance was first considered by council on June 12, 1961, when it was referred to the Planning Commission. The Planning Commission reported back to the Council December 11, 1961, unanimously recommending that the ordinance be adopted. On March 12, 1962, the Council directed the solicitor to prepare a zoning amendment ordinance. The owners did not apply for a permit until March 16, 1962.

In *Lhormer,* the court held that the owner was entitled to a permit because the amendment was not yet pending. The opinion in *Lhormer* is particularly helpful:

"The defendant contends that a property owner does not have a vested right to obtain a building permit, when the intended use is repugnant to the terms of an ordinance then *pending* upon the date the application is filed, and which is subsequently enacted. With this we agree; however, we disagree that the ordinance herein was legally 'pending' on the date involved.

"In the instant case, no public hearings were held by either the borough planning commission or the borough council prior to the date of the filing of the application for the permit, or the complaint in mandamus. Neither was there a prior public declaration by the municipality that it intended to rezone the area, nor is there evidence to justify a conclusion that the permit was sought in an effort to circumvent the ordinance. Under such circumstances, the ordinance involved was not 'pending.'" (Emphasis in original.)

In *Lhormer,* as in the instant case, the proposed amendment had been discussed in council. However,

in both cases no public hearings had been held by either the borough planning commission or the borough council prior to the owner's application. Discussion in the council alone is not a public declaration because it is not communicated to the public.

The case of *Beverly Building Corp. v. Zoning Board*, 28 Pa. D. & C. 2d 761 (1961) (affirmed per curiam, 409 Pa. 417, 187 A. 2d 567 (1963)), on which appellee borough relies, can be distinguished from the present case. In the *Beverly* case, although the application was made on October 1, 1957, and the hearing on the proposed amendment was not held until October 21, 1957, the date for the hearing was fixed publicly in July of 1957, before the application for the permit was made. In the instant case, the public hearing was first advertised on May 18, 1967, nine days after appellant had filed his appeal with the Zoning Board. Therefore, if the only issue were whether the proposed amendment was pending on May 9, 1967, the appellant could not be denied his permit because Ordinance #506 could not apply to appellant's land.

However, in the instant case, the state of the proposed amendment as of May 9, 1967, when appellant applied for a special exception, is not the real issue. The adoption of a zoning ordinance normally requires an extended period of time. In attempting to draw a line before which a party obtains a vested interest in a building permit, notwithstanding the fact that the governing body is considering a change in the zoning ordinance, which will perpetuate a nonconforming use, our cases have led to the following rule outlined in *Penn Twp. v. Yecko Bros.*, 420 Pa. 386, 217 A. 2d 171 (1966): "[A] property owner who is able to demonstrate (1) that he has obtained a valid building permit under the old zoning ordinance, (2) that he got it in good faith—that is to say without 'racing' to get it

before a proposed change was made in the zoning ordinance—and (3) that in good faith he spent money or incurred liabilities in reliance on his building permit has acquired a vested right and need not conform with the zoning ordinance as changed."

Admittedly, appellant could not be denied the special exception as of May 9, 1967, because the amendment was not yet pending. However, that application gave appellant no vested right. He could not spend money or incur liabilities in reliance upon the application. He would need a permit to do that. By May 31, 1967, when the Board was to meet to decide on his application, the amendment was pending. Therefore, the Board was correct in refusing to entertain appellant's application until the Borough council had acted.

The case of *Lhormer v. Bowen, supra,* bears an important distinction from the present case. In *Lhormer,* once the plaintiffs had applied for a permit, no steps needed to be taken as under the law existing at the time of this application, the owner was immediately entitled to a permit. As we said in *Lhormer,* when explaining why the issuance of a writ of mandamus was appropriate: ". . . where the right to the permit is clear, the issuance thereof by the proper official is no more than the performance of a ministerial act which admits of no discretion in the municipal officer. . . ." (p. 514)

In the instant case, however, under the law existing at the time of his application on May 9, 1967, appellant was not immediately entitled to a permit. He had to go first to the Board of Adjustment for a special exception. There is no evidence and appellant does not contend that the appellee borough made any attempt to delay the normal process by which such applications were considered in order to allow the proposed amendment to reach a stage where it could be applied to appellee's land. Instead, appellant's application was

scheduled to be heard at the next regularly scheduled meeting of the Board of Adjustment on May 31, 1967. By that time, there had been the May 18 public notice which marks the time after which the amendment became pending. Consequently, the proposed amendment could legally be applied to appellant's land. Therefore, the board's action of refusing to conduct a hearing on appellant's application was proper.

Appellant next argues that if the Hatboro zoning ordinance is found to apply to appellant's application, the ordinance is unconstitutional in its practical prohibition of any additional service stations within the Borough and that Hatboro's proximity test for new service stations is unconstitutional. However, appellant cannot now raise such issues for the first time. If appellant wished to question the validity of the new ordinance, appellant should have appealed for a variance under the new ordinance as well as for a special exception under the old one.

We explained this procedure in *Nat. Land & I. Co. v. Easttown Twp. Bd. of A.,* 419 Pa. 504, 215 A. 2d 597 (1965).

Order affirmed.

————

OPINION BY MR. JUSTICE POMEROY:

I agree that the order of the lower court should be affirmed, and for the reason that Hatboro's new zoning ordinance was applicable to appellant's request for a special exception. I reach this conclusion of applicability, however, by a different route than do Mr. Justice O'BRIEN, the Chief Justice and Mr. Justice COHEN in their separate opinions. The difference is concerned with when an amendatory zoning ordinance becomes pending. While the difference is a narrow one, it presents what I believe to be a preferable ground for decision.

The other opinion for affirmance would hold that disposition of an application for a special exception under an existing zoning ordinance can be governed by an amendatory ordinance which is not pending when the special exception is applied for. It justifies this on the ground that an applicant for a special exception obtains no "vested interest" by the filing of the application, notwithstanding that under the pre-existing ordinance the exception was allowable, and under the future ordinance it could not be allowed. Considerations of vested interest aside, this approach strikes me as potentially dangerous, and in this case, at least, unnecessary.

As I understand this Court's prior decisions, the provisions of a proposed amendatory zoning ordinance will apply to a particular application for zoning permission if the amendatory ordinance is pending at the time the application is made. *Hertrick Appeal,* 391 Pa. 148, 137 A. 2d 310 (1958); *Lhormer v. Bowen,* 410 Pa. 508, 188 A. 2d 747 (1963). Thus it is necessary to establish (1) when the amendatory ordinance became "pending" and (2) when the application for zoning relief was filed. If the former precedes the latter, the new ordinance will govern, and vice versa.

In the case at bar appellant filed his application for a special exception to construct a service station with the borough zoning officer on May 9, 1967. A month before that date, however, on April 10, 1967, the proposed amended zoning ordinance, which became ordinance No. 506, was introduced at a meeting of the Borough Council, which then adopted a resolution setting June 12, 1967 as the date for a public hearing thereon, and directed that the hearing be advertised. This was obviously much more than just a discussion of the amendment, as the opinion of our three colleagues would suggest; the terms of the proposed amendment

and the time of its later consideration became at that time part of the public records of the Borough. The advertisement on May 18 of the proposed ordinance and hearing was but wider dissemination of an already public action.

In my view, once the governing body of a municipality has made a formal determination to hold a public hearing on a regularly proposed amendatory ordinance, that ordinance is pending. This Court so indicated in its *per curiam* affirmance on the opinion of the lower court in *Beverly Bldg. Corp. v. Zoning Board,* 409 Pa. 417, 187 A. 2d 567 (1963), affirming the decision of the Court of Common Pleas of Montgomery County at 28 Pa. D. & C. 2d 761, 766-67 (1961). There, as here, the application for zoning relief (in that case a building permit) was made in the interval between the time of fixing the date for public hearing on the zoning ordinance amendment and the time the public hearing was held. The court held that the new ordinance was pending at the time of filing the application, and hence governing. The situation in *Lhormer v. Bowen, supra,* relied on by my brother O'BRIEN, was the reverse. In that case all that had preceded the permit application was preliminary consideration of a possible ordinance, which had not even been drafted in final form. There had been nothing in the nature of a public declaration that the municipality intended to rezone the area, and no public hearing had been scheduled.

It is for the reasons indicated that I conclude that the Board of Adjustment was correct in applying ordinance 506 to appellant's application for an exception, and that the lower court properly affirmed the Board. I therefore concur in the decision of the Court.

Mr. Justice JONES and Mr. Justice EAGEN join in this opinion.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I fully agree with the opinion by Justice O'BRIEN that a zoning ordinance cannot be considered "pending" until there is a "public declaration by the municipality that it intended to rezone the area." *Lhormer v. Bowen,* 410 Pa. 508, 511, 188 A. 2d 747, 748 (1963). I also agree that the "public declaration" did not occur until the Hatboro Borough Council advertised that a public meeting would be held to consider adopting the zoning amendment. Hence I must agree with Justice O'BRIEN that the new ordinance was not "pending" when appellant applied for his building permit.

In *Lhormer,* supra, we held that a building permit could not be denied on the basis of a zoning ordinance not pending when the application was *filed.* See 410 Pa. at 510, 188 A. 2d at 748. Accordingly, appellant should have had his request evaluated under the old ordinance, since he filed his request for a permit nine days *before* the new ordinance was pending. Justice O'BRIEN's opinion concludes, however, that the borough could nevertheless evaluate his application under the future ordinance. I cannot agree.

I believe that *Lhormer* controls the instant case, and I find the distinction between *Lhormer* and the instant case unpersuasive. It is claimed that the applicant in *Lhormer* had an "immediate" right to a permit when he applied for one, whereas appellant did not. But I do not believe that our decision in *Lhormer* in any way turned on the question of whether the applicant was entitled to a permit the instant he applied for one. Although we did discuss the applicant's right to a permit, we discussed it simply in the context of the propriety of granting mandamus. Since we found that the right to the permit was clear, there was no discretion to deny the permit and mandamus was therefore proper. Similarly, if we find in the instant case that the

municipality erred in refusing the permit—as it did in *Lhormer*—mandamus will likewise be a proper remedy.

Nor do I think that the reliance on *Penn Township v. Yecko Bros.*, 420 Pa. 386, 217 A. 2d 171 (1966), in the opinion by Justice O'BRIEN, is warranted. That case involved the propriety of revoking a permit already issued and does not control the instant case, which concerns the initial issuance of a permit. It is my view that under *Lhormer* the issuing authority simply looks to the law in effect, or pending, on the date the permit is applied for, and not to a future ordinance. This is easy to administer, and does not require indulgence in the difficult question of when one is "entitled" to a permit. Whether the authority will be able to revoke the permit after later zoning changes is another matter, one dealt with under the standards set forth in *Penn Township,* supra.

Since in my view appellant was entitled to a building permit under the old ordinance, I find it unnecessary to reach the question of whether the later adopted ordinance is constitutional. I must note, however, that I do not believe that appellant's failure to request a variance precludes his constitutional attack on the ordinance. Indeed in *National Land & Investment Co. v. Easttown Township Board of Adjustment*, 419 Pa. 504, 215 A. 2d 597 (1965), relied upon in the opinion by Justice O'BRIEN, the applicants "did not wait for their request for a variance to be denied" by the board of adjustment, but pressed only their constitutional attack before the board. See id. at 512, 215 A. 2d at 602. We did not require the applicants to press their variance claim in *National Land* before we would consider their constitutional attack. Likewise, we should not require the applicant in the instant case to first press a variance claim.

Accordingly, I dissent.