Cameron et al. *v.* Greensburg.
McKenna et al. *v.* Greensburg.
Cooper's Zoning Application.

Argued May 4, 1971, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER and ROGERS.

210

*A. C. Scales*, with him *William T. Dom, III, Henry E. Shaw* and *Scales & Shaw*, for appellant property owners.

*Joseph B. Mitinger*, City Solicitor, for appellant City of Greensburg.

*Irving L. Bloom*, with him *John F. Dent* and *Albert M. Nichols*, for appellee.

OPINION BY JUDGE WILKINSON, September 15, 1971:

This case comes before the Court on an appeal by residents of Greensburg and Hempfield Township and by the City of Greensburg from an adjudication of the Court of Common Pleas of Westmoreland County. The lower court sustained a ruling of the Zoning Board of Adjustment of Greensburg which ordered the zoning officer to issue certificates of compliance and occupancy to Jared Cooper, owner of the parcel of land in question. We sustain the order of the lower court.

The key issue in this case is whether an ordinance which provides for automatic zoning of newly annexed land is valid. We believe it is not valid. The enabling statute which was in effect at the time authorized municipalities to zone property only after fixing, giving notice of, and holding a public hearing to discuss proposed zoning amendments. Act of June 23, 1931, P. L. 932, Art. XLI, §4114, as amended, 53 P.S. 39114. Although such fixing, giving notice of, and holding a

public hearing is a prerequisite to valid enactment of an ordinance, none was provided in this case. As Judge JACOBS, now of the Superior Court, then of the Common Pleas Court, points out in *Borough of Wormleysburg v. Brinton*, 14 Pa. D. & C. 2d 83, 87-88 (1958), no land annexed subsequent to the passage of the automatic zoning ordinance can be considered validly zoned in accordance with the requirements set forth in Section 4114 of the Act of June 23, 1931, because automatic zoning precludes fixing, giving notice of, and holding a public hearing as required by statute. ". . . [Z]oning is in derogation of the common law and municipalities must comply strictly with the statute giving them the power to zone before they can enact any restrictions." *Borough of Wormleysburg v. Brinton, supra.* Likewise, Judge WOODSIDE, then of the Common Pleas Court, later of the Superior Court, in *Kline et al. v. Harrisburg et al.*, an opinion adopted by the Supreme Court at 362 Pa. 438, 68 A. 2d 182 (1949), strikes down an "interim zoning ordinance" since such an ordinance is not provided for by statute and is in fact contrary to the enabling statute.

Apparently recognizing the tenuous validity of the automatic zoning ordinance, after the appellee applied for the certificate to which he was entitled if the automatic zoning was invalid, the City of Greensburg passed an ordinance which would validly zone the subject property. To avoid the impropriety of such action after the appellee's application for certificate had been filed, appellants argue that the ordinance had been "pending" at the time the certificate was requested. Appellants thus raise the issue of when does a proposed change in a zoning ordinance attain the status of being pending before the governmental body of the particular municipality. This question was answered very recently by our Court in *Boron Oil Co. v. Kimple*, 1 Pa. Common-

wealth Ct. 55, 275 A. 2d 406 (1970). There the Court, in adopting the lower court opinion of Judge ROWLEY, said that when the zoning commission gave public notice of a public meeting at which it would present the new proposed zoning ordinance, this amounted to a public declaration. This extends the law established by the Supreme Court of Pennsylvania in *Mutzig v. Hatboro Board of Adjustment,* 440 Pa. 455, 269 A. 2d 694 (1970). There the court held that an amendatory zoning ordinance cannot be considered pending until the municipality declares publicly that it intends to rezone the area. This declaration does not occur until the municipal council advertises that a public meeting will be held to consider the proposed amendment. Discussion by council alone is not a public declaration. *Mutzig, supra,* at 460-61, 269 A. 2d at 696. At the time Cooper applied for the certificates for compliance and occupancy, the ordinance which was passed later permanently fixing the zoning classification of the land parcel in question was not yet pending, and therefore it could not destroy Cooper's vested right to obtain the certificate. *See Lhormer v. Bowen,* 410 Pa. 508, 511, 188 A. 2d 747, 748 (1963).

It cannot be said that Cooper lacks a vested right to the issuance of certificates since he made no expenditures in reliance on the issuance; this is not true because Cooper was never issued a certificate. *See Lhormer, supra,* at 512, 188 A. 2d at 749. To have made expenditures would have been to act at his peril. This he is not required to do.

The ruling of the Zoning Board of Adjustment of Greensburg, upheld by the lower court order, is approved and the appeals are dismissed.

Order affirmed.