**Fulton v. Bd. of Supervisors of Mt. Pleasant Twp.**

David F. Toal and Sylvester A. Beozzo, for appellants.

George B. Stegenea, for appellee.

Wesley A. Cramer, for intervenor.

TERPUTAC, J., August 7, 1985—On May 24, 1983, the Board of Supervisors of Mt. Pleasant Township enacted Ordinance no. 21, an amendment to the zoning ordinance. Appellants, landowners of tracts adjoining those which were rezoned, filed their notices of appeal with the court, challenging the validity of the amendment on procedural grounds pursuant to §1003 of the Municipalities Planning Code, the Act of July 31, 1968, P.L. 805, art. I, §101 et seq., as amended, 53 P.S. §11003 (hereinafter MPC). At no. 357 June term, 1983, appellants are Samuel Fulton and Ellen D. Fulton, his wife; at no. 358 June term, 1983, appellants are George W. Kasimirsky and Norma J. Kasimirsky, his wife.

On September 28, 1983, Consolidation Coal Company (hereinafter Consol), intervenor herein, filed an application for a zoning change from A-1 (agricultural-single family dwelling) to M-1 (light manufacturing, food processing, printing, transport, truck terminals, and similar commercial activities). The purpose of the application was to change the zoning classification of seven enumerated tracts

owned by or optioned to Consol. Attached to the applications were legal descriptions of the tracts. Three of the tracts included areas that were both in Mt. Pleasant Township and in Chartiers Township, but no designation was made about which portions were located within the municipal boundaries of Mt. Pleasant Township. Furthermore, the application for amendment failed to disclose the number of acres affected by the proposed amendment. The minutes of the Mt. Pleasant Township Planning Commission, however, showed that approximately 867 acres of property in Mt. Pleasant Township were affected, whereas the testimony of an employee of Consol indicated the acreage was 871 acres.[1]

The board of supervisors caused to be published in a newspaper of general circulation two notices, on September 28, 1982, and October 5, 1982, for a public meeting to be held on October 12, 1982, before the township planning commission to hear and consider the proposed change to the zoning ordinance. Although they contained property descriptions including the areas in Chartiers Township, the notices did not mention the acreage involved. In addition to the public notices, the township notified appellants of the hearing by certified mail. Both proponents and opponents presented testimony at the hearing.

On December 14, 1982, the township planning commission recommended approval of the amendment, but the commission did not submit any statement on whether the proposed amendment was in accordance with the intent of the Mt. Pleasant Township Comprehensive Plan.

---

1. The record comprises proceedings before the township planning commission and the board of supervisors with exhibits. No further testimony or exhibits were presented to the court.

Again notices were published in the newspaper for a public hearing to be held before the board of supervisors on January 25, 1983, to consider the proposed amendment. These notices were published on January 12 and January 18, 1983. Also the township notified appellants of the public hearing by certified mail. The total acreage was not listed in the notices, nor was any designation mentioned about how much of the tracts were in Chartiers Township. The public notices, moreover, did not refer to a place within the municipality where copies of the proposed amendment could be examined by persons interested therein.

The first public hearing before the board of supervisors was held on January 25, 1983. This hearing was continued to March 11, 1983, for the taking of additional testimony. A public notice of the continued hearing was published on February 26, 1983, and again certified mail notices were sent to appellants. Except for a letter delivered to the Washington County Planning Commission by the chairman of the board of supervisors, there is no record that the county planning commission either considered or approved the proposed amendment.

I

These appeals were taken under authority of §1003 of the MPC which provides, in part:

"Questions of an alleged defect in the process of enactment or adoption of any ordinance or map shall be raised by an appeal taken directly from the action of the governing body to the court . . . ." By virtue of these appeals, therefore, appellants have restricted their challenges to the amendatory ordinance on procedural grounds only. Under the circumstances the contentions of appellants relating to

the ordinance causing land-locked areas or spot zoning are of no consequence in this type of appeal. Further, whether the amendment is or is not in accord with the substantive requirements of the township comprehensive plan is immaterial.

The presumption of validity attaching to a zoning ordinance imposes a burden of proving its invalidity upon one who challenges it. Marple Gardens, Inc. v. Board of Zoning Adjustment, 8 Pa. Commw. 436, 303 A.2d 239 (1973). "There is, moreover, a 'presumption that official acts or duties have been properly performed. . . .' " Tremont Township School District Appeal, 366 Pa. 404, 409, 77 A.2d 403, 406 (1951) (citing Fleming v. Adamson, 321 Pa. 28, 182 Atl. 518 (1936)). The court now turns its attention to the defects alleged to have occurred during passage of the ordinance.

## II

First, appellants argue that the enactment of the amendment was defective in that the board of supervisors failed to make specific findings prior to passage. The issue is: Must the municipality make findings in accordance with the township comprehensive plan that the proposed ordinance was passed in accordance with the spirit and intent of the plan? The township zoning ordinance, Article VIII, section 1, entitled Amendments, contains this provision:

"[S]uch amendment [of the ordinance or map] . . . shall be submitted to the township planning commission for its recommendations and shall be specifically found by the board of township supervisors to be in accordance with the spirit and intent of the formally adopted portions of the comprehensive plan before final action shall be taken by the board of supervisors."

Before 1972, §303 of the MPC provided that an amendment to the zoning ordinance or map should be done in accordance with the spirit and intent of the comprehensive plan. The 1972 amendment to the MPC deleted this language, so that henceforth there was no legislative requirement that the amendment conform to the comprehensive plan of the township. Therefore, the question is whether the requirement in the township zoning ordinance about findings as to the spirit and intent of the comprehensive plan is mandatory or directory. Nothing in the record of this proceeding shows that there were any written recommendations or statements to the board of supervisors respecting compliance with the requirement. Appellants urge the court to strike down Ordinance no. 21 because the supervisors not only failed to comply with the mandatory requirements of Article VIII of the zoning ordinance but also capriciously disregarded the plan itself. Whether or not the amendment complies with the comprehensive plan is a substantive issue not before the court at this time. Rather, the precise issue on this point concerns the failure of the municipality to make findings on the spirit and intent of the township comprehensive plan.

The court holds that, as to the zoning ordinance, a finding of compliance with the spirit and intent of the township comprehensive plan is not mandatory. First, the amendment in 1972 by the legislature has taken away the force of compliance with the state statute, implying that there is no need for compulsory reliance. Second, the township may disregard the more stringent local procedural requirements, as long as there is strict adherence to the enabling act. Nothing appears in the record to indicate any deliberate avoidance of the intent of the plan by the municipal officials. Although there is no case direct-

ly on point, the court has analyzed the cases proposed by appellants and found them to be inapposite. Indeed, appellants themselves brought up the subject of the comprehensive plan. The mandatory ordinance was not enacted in a matter of a few weeks; rather it was carefully considered from September of 1982 to May of 1983, sufficient time for appellants to attend several meetings and review the documents. This contention is without merit.

## III

Finally, appellants have challenged the adequacy of the content and of the time of publication of the public notices, and they have challenged the failure of the township planning commission to submit the proposed ordinance to the Washington County Planning Commission for recommendations. Because both of these issues are meritorious, the court must declare the ordinance void.

On the question of the public notices, appellants have argued that the ordinance is fatally defective because of (1) the omission in the notices of the number of acres involved, (2) the failure to insert in the notices a place in the township where the proposed amendment could be examined, and (3) the failure to publish the notices a full 14 days prior to the hearing.

The number of acres involved has little to do with the passage of the ordinance. Not only the application but also the public notices contain a full legal description of the tracts. The fact that parts of three tracts are in another township is immaterial.

Section 609 of the MPC states, in part:

"For the preparation of amendments to zoning ordinances, the procedure set forth in this article for the preparation of a proposed zoning ordinance

shall be permissive. Before voting on the enactment of an amendment, the governing body shall hold a public hearing thereon, pursuant to public notice. In the case of an amendment other than that prepared by the planning agency, the governing body shall submit each such amendment to the planning agency at least 30 days prior to the hearing on such proposed amendment to provide the planning agency an opportunity to submit recommendations." According to this statute, only one public hearing need be held by the governing body. In the instant case, the planning commission held one public hearing and the township held another hearing, which was continued to a later date. There is no doubt that the public notice omitted any reference to the place where the proposed amendment could be reviewed by interested persons. Even so, appellants and their attorneys attended the hearings after certified mail notice had been provided to them.

The only matter of concern, therefore, on the issue of public notice is the fact that a full 14 days did not pass from the time of publication to the hearing date. The board of supervisors held two public hearings: January 25 and March 11, 1983. The first official public notice for these hearings was January 12 and February 26, 1983, respectively. On each occasion the time between the published notice and the hearing itself was one day short of the statutory minimum requirement of 14 days.

Generally, the courts have held that since zoning is in derogation of the common law, municipalities must strictly adhere to the statute that grants the power to zone before they can enact any restrictions. Cameron v. Board of Adjustment of Greensburg, 3 Pa. Commw. 209, 281 A.2d 271 (1971). This requirement is applicable to notice procedures including zoning ordinance amendments.

Since the notice procedures were lacking only one day and since appellants had actual notice, the question is whether the enactment was fatally defective where the full 14 days set forth in §107 (18) of the MPC was not observed.

Our research does not reveal any Pennsylvania appellate court case in which a one-day shortfall was involved. Out-of-state cases have dealt with the issue. In Malley v. Clay County Zoning Comm'n, 225 So.2d 555 (Fla. Dist. Ct. App. 1969), the court noted that statutory zoning requirements are generally mandatory, but held that since the contesting landowners appeared at the hearing, they had waived their rights to assert the defect in the notice. Accordingly, since no prejudice to the landowners has been alledged or proved, the fact that the public notice fell one day short of the statutory requirement was not sufficient to invalidate the zoning amendment. Also, in Labell v. Norristown Borough, 12 D. & C.2d (1957), the court decided that appellants were not prejudiced and had ample notice, even though no notice by publication was ever given as required by statute. The ordinance, therefore, was upheld.

In any event, the holding in one Pennsylvania Supreme Court case was that it made no difference that many people actually attended the council hearing concerning zoning amendments. Kelly v. City of Philadelphia, 382 Pa. 459, 115 A.2d 238 (1955). In Kelly, the pertinent notice requirement was 15 days prior to the hearing, whereas published notice was provided only eight days prior to the hearing. Stating that the requirement of the statute was mandatory, the court said the provisions could not be relaxed. It concluded that " '[f]ailure to follow the express provisions of the law as to publication made the ordinance of no effect.' " Id., at 474, 115

A.2d at 245 (quoting Nyce v. Board of Commissioners, 319 Pa. 353, 179 Atl. 584 (1935)). A Rhode Island Supreme Court case echoes that position, stating that "[a] failure to conform [to the statutory requirements] is not to be treated as a mere irregularity . . . . [S]uch provision is not directory or intended to notify only remonstrants who may actually appear . . ., but contemplates other possible remonstrants and is a condition precedent to the jurisdiction. . . of the council." R. I. Home Builders v. Budlong Rose Co., 74 A. 2d 237 (R.I. 1950). The import of these cases is that the public notice requirements are mandatory despite the fact that no prejudice has been shown. In both R. I. Home Builders and Kelly, the arguments that there was no prejudice were of no moment. Since Kelly is the only Pennsylvania Supreme Court case in which there was a failure to follow the minimum number of days required by statute, the court is bound to follow it, especially in the instant matter where the defect in published notice happened twice.

Besides the defect in the public notices, the failure to submit the proposed amendment to the county planning commission was fatal to proper enactment. In 1972, the legislature added the following sentence to §609 of the MPC:

"If a county planning agency shall have been created for the county in which the city, borough, incorporated town or township adopting the ordinance is located, then at least 30 days prior to the hearing on the ordinance by the local governing body, the city, borough, incorporated town or township planning agency shall submit the proposed ordinance to the county planning agency for recommendations." This requirement is phrased in mandatory language; along with the other three procedural conditions listed in §609. Even though

the statute says that the county planning agency is to provide recommendations, which by implication are not binding on the governing body, it has been generally held by the courts that where the statute requires referral to the planning commission, the failure to do so is fatal. 82 Am. Jur. 2d, Zoning and Planning, §57 (1976).

Here appellees have argued that the letter dated March 25, 1983, which was delivered to William Sember of the Washington County Planning Commission, satisfies the requirement of §609. But the statute calls for the submission of the proposed ordinance. Clearly, the handing to Mr. Sember of a letter without more does not comply with the statute. The presumption of regularity cannot give life to that which has been procedurally fatal because the municipality failed to follow the mandatory language of the statute. And an examination of the letter shows that it was not the intent of those who prepared it to elicit a recommendation from the county planning commission.

Since the statutory requirements on public notices under §107(18) and on submission of the proposed ordinance to the county planning commission for recommendations under §609 are mandatory, and since the municipality failed to comply, the ordinance must fall.

## IV

By striking down this amendment, the court is not elevating form over substance, nor is it engaging in technicalities to defeat municipal legislation. When the legislature provided for certain days of public notice, the requirement extends to all citizens, interested or uninterested. It is therefore immaterial that appellants had actual notice of the

hearings and attended them. Likewise, with respect to the provision that the proposed amendment to a zoning ordinance be submitted to the county planning commission for recommendations, it is of no concern that the recommendations are advisory and that the municipality may choose to ignore them. It cannot be presumed that the legislature engaged in idle chatter when it enacted these provisions. Public policy requires the courts to enforce properly enacted provisions which contain limitations on the passage of ordinances. Even though the errors by the municipality were inadvertent, the sound policy of the law mandates that the legislative provisions be followed in the passage of ordinances.

## ORDER

And now, this August 7, 1985, owing to the failure of the municipality to comply with §§609 and 107(18) of the Municipalities Planning Code, both of which are held to be mandatory for the proper enactment of the zoning amendment, it is ordered, adjudged and decreed that Ordinance no. 21 be and the same is hereby declared void.