574 A.2d 1201

**In re Appeal of GEMSTAR/SKI BROTHERS of the Zoning Hearing Board of Springfield Township.**

**SKI BROTHERS, INC.**

**v.**

**SPRINGFIELD TOWNSHIP ZONING HEARING BOARD.**

**Appeal of SPRINGFIELD TOWNSHIP BOARD OF SUPERVISORS.**

Commonwealth Court of Pennsylvania.

Argued March 9, 1990.

Decided May 11, 1990.

116

---

Mary C. Eberle, Jaczun, Grabowski & Leonard, Perkasie, for appellant.

Edward M. Wild, Power, Bowen & Valimont, Doylestown, for appellee.

Before COLINS and SMITH, JJ., and BARBIERI, Senior Judge.

COLINS, Judge.

The Springfield Township Board of Supervisors (Township) has appealed from an opinion and order of the Court of Common Pleas of Bucks County, reversing in part the decision of the Springfield Township Zoning Hearing Board (Board) which upheld a cease and desist order issued by the Springfield Township Zoning Officer. The trial court found that Ski Brothers, Inc. and Gemstar, Inc. (collectively

Ski/Gemstar) have a protected status of a continuing non-conforming use, and that the conditions imposed by the Board cannot stand because they restrict the natural expansion of Ski/Gemstar's nonconforming use. We affirm.

Ski has conducted a junkyard/auto salvage operation on land owned by its principals since 1946. Such use is a lawful nonconforming use.[1] As part of the salvage operation from 1946 to 1986, Ski accepted delivery of used cars, dismantled the cars, resold usable parts and stored the non-saleable items. Incident to dismantling the cars, large amounts of tires were allowed to accumulate on the property. Delivery and storage of truckloads of tires coming in from other places were not part of the operation.

Gemstar, which leased a portion of the property comprising the junkyard, was organized as a separate corporation by some of the principals in Ski. Gemstar planned to install a tire processing and chopping facility which consisted of cutting up old tires into three inch square blocks. Gemstar discussed their intentions with various Township officials, and sought permits to construct a building to house a processor and shredder. Both permits were issued. Subsequently, Gemstar began purchasing truckloads of tires. Due to a delay in the installation of appropriate electricity, the accumulation of tires on the property rose from approximately 100,000–200,000 tires to 750,000–1,000,000 tires.

The Board began receiving citizen complaints about the increased tire hauling and storage, and authorized the Zoning Officer to issue a cease and desist order alleging violations of the zoning ordinance. Ski/Gemstar appealed to the Board which, after numerous hearings, issued an order reversing the Zoning Officer's cease and desist order. The Board found that the tire operation was a new use not incident to the operation of a nonconforming junkyard, but that Ski/Gemstar's rights to the permits had vested. In

1. The current Springfield Township Zoning Ordinance was adopted in 1975 and at all times since its passage, the property at issue was zoned resource protection, a zoning classification which allows only agricultural and residential uses.

addition, the Board imposed specific terms and conditions which limited the amount of tires that could be brought to and stored on the premises.

The trial court affirmed the Board's reversal of the cease and desist order, but found the tire operation to be a continuation of a permitted nonconforming use. The trial court also rendered null and void the specific terms and conditions imposed by the Board. The Township now appeals that decision to this Court.

■ Prior to oral argument of this matter, Ski/Gemstar filed a Motion to Quash asserting that the Township did not properly raise the striking of the conditions by the trial court in its Statement of Appeal. Furthermore, Ski/Gemstar accuses the Township of first declaring its position in support of the Board and then on appeal asserting issues inconsistent and contrary to the Board's decision. We conclude that there are no inconsistencies. We also note that the issue of the deletion of conditions by the trial court, while raised in the Township's Notice of Appeal, was not included in the Statement of Questions Involved. Therefore, pursuant to Pa.R.A.P. 2116(a),[2] we will not discuss this issue despite its having been discussed in appellant's brief. *See Fair Acres Geriatric Center v. Commonwealth,* 107 Pa.Commonwealth Ct. 293, 528 A.2d 1008 (1987).

The Township, in its Statement of Questions Involved, raised three issues on appeal: (1) whether the accumulation of tires for storing and processing constitutes an illegal expansion of a nonconforming junkyard/auto salvage yard and establishment of a new use; (2) whether a vested right was acquired to utilize the property for tire stamping and for storage of used tires; and (3) whether the Township's request to expand the record with after-discovered evidence was incorrectly denied.

**2.** Pa.R.A.P. 2116(a) states in pertinent part that "[t]his rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby."

■ Since no additional evidence was taken by the trial court, our scope of review is limited to determining whether the Board committed a manifest abuse of discretion or error of law. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). The Board abused its discretion only if its findings are unsupported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

■ The Board considered the definitions of junk and junkyard under the zoning ordinance and concluded that tires are included in the definition as a form of waste and as part of junked motor vehicles. It found that the change in the method of accepting the tires and the increase in volume was not a continuation of the permitted nonconforming use. However, this Court has held that a municipality does not have the power to prevent an owner from making additions to its nonconforming enterprise so as to limit its natural expansion and the accommodation of increased trade. *Austin v. Zoning Hearing Board of Fork Township,* 91 Pa. Commonwealth Ct. 356, 496 A.2d 1367 (1985).

In the case of *Township of Chartiers v. William H. Martin, Inc.,* 518 Pa. 181, 542 A.2d 985 (1988), the Supreme Court set out the principles governing the expansion of a nonconforming use and evaluated the natural expansion doctrine. In reviewing numerous cases, the court found extensions of nonconforming uses to be proper. In a sand loam business, expansion in depth and area was proper. *Cheswick Borough v. Bechman,* 352 Pa. 79, 42 A.2d 60 (1945). In another case, a nonconforming use could not be limited by the zoning ordinance to the precise magnitude which existed on the date of the ordinance's adoption. *Humphreys v. Stuart Realty Corporation,* 364 Pa. 616, 73 A.2d 407 (1950). The court also held that a change in instrumentality will not defeat the purpose or existence of a nonconforming use. *Chartiers.* In other words, an operator of a nonconforming use may incorporate modern technology into his business without fear of losing that busi-

ness. The right to continue a nonconforming use, once established and not abandoned, runs with the land and this right is not confined to any individual or corporation. *Eitnier v. Kreitz Corporation*, 404 Pa. 406, 172 A.2d 320 (1961).

■ Applying the *Chartiers* criteria to the factual situation here, it is apparent that the trial court was correct in reversing the Board's conclusion that the tire chopping and processing was a new use. Ski/Gemstar have introduced modern technology into their business over the years. Different methods were used to process cars and their parts as new technology became available. The number of cars processed per day increased dramatically as each new method was instituted. We, therefore, conclude that Ski/Gemstar's installation of the tire stamping process is a natural expansion of their nonconforming use.

■ The trial court found it unnecessary to decide the vested rights issue due to Ski/Gemstar's protected status as a continuing non-conforming use. In a footnote, the court expressed its agreement with the Board's assessment that a vested right to utilize the tire stamping machinery had been acquired by Ski/Gemstar. We also agree and make the following comment. A township, having granted permits from which no appeal was taken, bestows upon the owner a right to develop or build according to permit. Despite zoning deviations, this right becomes incontestable. *Neshaminy Plaza II v. Kelly*, 21 Pa.Commonwealth Ct. 469, 346 A.2d 884 (1975).

■ Finally, the trial court was correct in denying the Township's request to expand the record with after-discovered evidence. "The decision to take additional evidence is vested in the discretion of the common pleas court." *Lower Allen Citizens Action Group, Inc. v. Lower Allen Township Zoning Hearing Board*, 93 Pa.Commonwealth Ct. 96, 106, 500 A.2d 1253, 1259 (1985). There must be a demonstration that the record before the board was incomplete and that there was a refusal of an opportunity to be heard

or that relevant testimony was excluded. *Id.* The Township's allusions to an issue of good faith did not convince the trial judge to allow for an expansion of the record. Two conferences were held in chambers prior to the denial of the Township's motion to supplement the record. It is obvious to this court from a perusal of the extensive record made before the Board, that the Township had a full opportunity to present its case.

We are satisfied with the trial court's conclusion that the tire processing and chopping operation is a legitimate expansion of a nonconforming use; and that Ski/Gemstar had acquired a vested right. Therefore, the Township's claims to the contrary must be rejected. Accordingly, we affirm.

SMITH, J., dissents.

## ORDER

AND NOW, this 11th day of May, 1990, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.