633 A.2d 1244

Re the Appeal of the BOROUGH OF AKRON
from the Decision of the Zoning Hearing
Board of Akron Borough.

Appeal of Mark and Dorothy HOLLINGER, Appellants.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1993.

Decided Nov. 4, 1993.

Elizabeth A. Hambrick–Stowe, for appellants.

William C. Crosswell, for appellees.

Before CRAIG, President Judge, and COLINS, J., and KELTON, Senior Judge.

KELTON, Senior Judge.

Mark Hollinger and Dorothy Hollinger (Objectors) appeal from the December 9, 1992 order of the Court of Common Pleas of Lancaster County, in which the court affirmed the decision of the Zoning Hearing Board of Akron Borough (the Board) directing the issuance of a building and zoning use permit to Paul E. Weaver (Landowner)[1] to construct six townhouses and to convert an existing single family house into two dwelling units.

The property in question is a six acre tract formerly located in Ephrata Township. On April 1, 1968, Akron Borough (the Borough) enacted an ordinance annexing the tract into the Borough. At that time, Section 1303[2] of the Borough Zoning Ordinance provided for automatic assignment of an R–1 (single family) zoning designation to annexed land. The Borough

---

1. Mr. Weaver is now deceased and his wife has been substituted as a party.

2. Section 1303 provides:
   *Annexations.* The Zoning Classification of any area annexed to the Borough shall be considered to be in the R–1 Residence District. Upon completion of annexation procedures, Borough Council shall request the Planning Commission to make a recommendation on the appropriate classification of the annexed area and initiate a zoning amendment as provided by law.

did not, either then or thereafter, pass an ordinance assigning a zoning classification to the property.

There are three principal issues: 1) whether the Board and the trial court correctly determined that the property has remained unzoned since the date of annexation by the Borough; 2) whether Landowner is estopped from denying that the property is zoned R–1; and 3) whether the trial court correctly concluded that the property is "freely developable." (R.R. 492a).

We agree with the trial judge, the Honorable Louis J. Farina, that the property remains unzoned and that Landowner is not estopped from using it for the purposes requested in his permit application. However, we also conclude that the order approving Landowner's application does not eliminate the requirement that Landowner comply with other generally applicable Borough regulations.

## FACTUAL HISTORY

The facts as found by the Board may be summarized as follows. Since the date of annexation in 1968, the Borough's zoning map has identified the parcel as zoned R–1. Landowner has sold portions of the property, which were then developed with single family dwellings.

In 1991, Landowner sought a building and zoning use permit to construct six townhouse dwellings and to convert a single family dwelling into two units. Landowner's application identified the property as either unzoned or zoned R–2 residential, a district permitting multi-family uses. By letter of December 23, 1991, the Zoning Officer denied Landowner's application. However, on appeal, the Board, in a May 1, 1992 decision, determined that Landowner's permit application was deemed approved because of the failure of the Zoning Officer to act timely upon the request. The Board noted in its conclusion that the deemed approval of the application did not serve to waive any other applicable ordinances or regulations with respect to the use and development of the property.

On appeal by the Borough, the trial court remanded the case to the Board for additional findings of fact and conclusions of law. In a September 1, 1992 supplement to its May 1, 1992 decision, the Board, relying on *Cameron v. Board of Adjustment,* 3 Pa. Commonwealth Ct. 209, 281 A.2d 271 (1971), held invalid Section 1303 of the zoning ordinance, which provided for the automatic assignment of an R–1 zoning classification to land annexed by the Borough. The Board concluded that because no ordinance establishing a zoning classification for Landowner's property had been effectively enacted, the property remains unzoned. The Board, therefore, directed the Borough to issue Landowner's requested permit.

The trial court affirmed the Board's conclusion that the property remains unzoned. The court determined that, under *Cameron,* the automatic R–1 designation is invalid. According to the court, the property remained unzoned at the time that the Pennsylvania Municipalities Planning Code (MPC)[3] took effect in 1969. Finding that the Borough Council did not enact an ordinance assigning a zoning district classification to the property pursuant to the substantive and procedural requirements of the MPC, the court concluded that the property remains unzoned.

In reaching this conclusion, the trial court rejected Objectors' argument that the Borough's zoning map has the legal effect of zoning the property as R–1. The court held that the Borough Council, in creating the map, did not follow the required statutory procedures to zone the land.

Further, the trial court denied Objectors' motion to introduce as additional evidence a 1972 decision of the Board erroneously identifying the property as zoned R–1. The court found that the 1972 decision, ruling on Landowner's request for a special exception for a setback requirement, was irrelevant to the zoning classification of the property.[4]

3. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202.

4. In the 1972 decision, the Board granted Landowner's request for a special exception to maintain a structure on the property that en-

On appeal to this court, Objectors argue that equitable principles analogous to the doctrine of variance by estoppel should preclude application of the *Cameron* rule to this case. In support of their argument, Objectors contend that where Landowner has delayed over twenty years in asserting the invalidity of the zoning classification, the *Cameron* rule should not be applied to defeat the community's reliance on the apparent R–1 designation of the property.

According to Objectors, the community's reliance on the R–1 designation resulted in part from the 1972 Board decision which identifies the property as zoned R–1. Further, the unappealed 1972 decision, according to Objectors, collaterally estops Landowner from denying that his property is zoned as R–1. Therefore, Objectors argue that the trial court abused its discretion in refusing to admit the 1972 decision, which is necessary to complete the record.

Additionally, Objectors argue that the community rightfully relied upon the R–1 designation of the property represented on the Borough's zoning map, which Objectors contend was adopted after notice and a public hearing.

Objectors also argue that the trial court erroneously found the property to be "freely developable" and, inferentially, not subject to any other valid provisions of the zoning ordinance.

## DISCUSSION

In *Cameron*, this court held that where the zoning enabling statute requires notice and a public hearing prior to the enactment of an ordinance, the automatic zoning of newly annexed land is invalid. Both the MPC[5] and the Borough Code[6] applicable at the time of annexation in our case required the Borough Council to publish notice of proposed zoning ordinance amendments. There is no evidence that the Borough Council published notice of any proposed zoning

croached upon a setback requirement, which applied to both R–1 and R–2 residential districts.

**5.** 53 P.S. §§ 10609, 10610.

**6.** Act of February 1, 1966, P.L. (1965) 1656, No. 581, § 3204, *as amended*, 53 P.S. § 48204.

classification for Landowner's property at any time. Following *Cameron*, therefore, we hold that the automatic zoning classification assigned to Landowner's property was invalid. No ordinance was ever effectively enacted pursuant to the Borough Code or the MPC to zone this specific property.

We turn, therefore, to Objectors' argument that estoppel principles should preclude the application of the *Cameron* rule to this case. Without deciding the applicability of the doctrine of equitable estoppel to this case, we note that under the law of Pennsylvania, a finding of estoppel must be predicated on a showing of detrimental reliance by the individual asserting the doctrine. *Card v. Commonwealth of Pennsylvania, Pennsylvania School Employes' Retirement Board*, 83 Pa. Commonwealth Ct. 602, 478 A.2d 510 (1984). Here, Objectors cite only to the testimony of a neighbor who stated that he had purchased *his house* in reliance on his *realtor's* assertion that the area is zoned R–1 residential. (R.R. at 242a–244a). As a result, we conclude that Objectors have presented insufficient evidence of detrimental reliance by them upon any representations made by Landowner or by the Borough officials that Landowner's property was zoned R–1.

We also reject Objector's argument that the trial court erroneously refused to admit into evidence the Board's 1972 decision on Landowner's special exception application. The decision to admit additional evidence rests in the discretion of the trial court. *Appeal of Gemstar/Ski Brothers, Inc.*, 133 Pa. Commonwealth Ct. 115, 574 A.2d 1201 (1990). "There must be a demonstration that the record before the board was incomplete and that there was a refusal of an opportunity to be heard or that relevant [evidence] was excluded." *Id.* at 120–21, 574 A.2d at 1204. In the 1972 decision, because the same setback requirement applied in both the R–1 and R–2 residential districts, the R–1 zoning designation of the property was not an issue squarely before the Board. Therefore, we find that the trial court did not abuse its discretion in determining that the 1972 decision was not relevant to the issue on appeal.

■■ Because the precise zoning designation was not essential to the 1972 decision, the Board's decision, describing the property as zoned R–1, does not serve to collaterally estop Landowner from asserting that his property is unzoned. Collateral estoppel applies only to the attempted re-litigation of an issue which was actually litigated and which was necessary to the original judgment. *City of Pittsburgh v. Zoning Board of Adjustment*, 522 Pa. 44, 559 A.2d 896 (1989). Additionally, as the R–1 zoning designation was inconsequential to the Board's grant of Landowner's request for a special exception, Landowner had no need to appeal that decision in which he had prevailed. Therefore, Landowner's failure to appeal the decision provides no support for Objectors' assertion that Landowner has waived his right to attack the R–1 designation of his property in this action.

## RELIEF TO BE GRANTED

■ Although we conclude that the property is unzoned, this determination does not grant Landowner carte blanche to develop the property, as Objectors fear. First, we do not interpret the trial court's decision as permitting development of the property free from all zoning and regulatory constraints. The trial court's order plainly affirms the Board's decision that the property is unzoned. As previously stated, the Board's May 1, 1992 decision stresses that the deemed approval of Landowner's application does not eliminate the requirement that Landowner comply with general zoning and building code regulations. Second, by analogy to the exclusionary zoning cases, we conclude here that the invalidation of the automatic zoning designation does not eliminate the requirement that Landowner comply with other regulations generally applicable to the class of use or construction proposed by Landowner. *Fernley v. Board of Supervisors*, 509 Pa. 413, 502 A.2d 585 (1985); *Ellick v. Board of Supervisors*, 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975); *Lower Southampton Township Board of Supervisors v. Schurr*, 72 Pa. Commonwealth Ct. 322, 456 A.2d 702 (1983).

428

For the foregoing reasons, we affirm the order of the Court of Common Pleas which affirmed the decision of the Board that the Landowner's property is unzoned. However, we also conclude, as did the Board, that approval of the application "does not serve to waive any other applicable ordinances or regulations with respect to the use and development of the Property including but not limited to ordinances and regulations governing subdivisions and land developments, building procedures, stormwater control, and erosion and sedimentation control." Conclusion of Law 5. R.R. 303a.

## ORDER

**AND NOW,** this 4th day of November, 1993, the order of the Court of Common Pleas of Lancaster County dated December 9, 1992 is hereby affirmed.