## Casey v. Zoning Hearing Board.

Argued February 5, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

474

*Robert W. Valimont,* with him *William B. Moyer,* and *Power, Bowen & Valimont,* for appellant.

*Peter A. Glascott,* for appellee.

OPINION BY JUDGE WILKINSON, April 11, 1973:

Appellant successfully attacked the zoning ordinance of Warwick Township under the principle established by *Girsh Appeal,* 437 Pa. 237, 263 A. 2d 395 (1970), i.e., there was no provision in the zoning ordinance for multi-family dwellings anywhere in the Township. However, the lower court, having determined that the ordinance in effect at the time of the initiation of the challenge was unconstitutional, nevertheless denied applicant the right to build apartments on the site requested on the grounds that the ordinance had been amended subsequent to the initiation of the challenge but before the decision in this case to permit multi-family dwellings in another part of the Township. The lower court held that it was not necessary for it to decide whether the curative amendment was "pending" at the time the action was initiated, inas-

much as that court would have given the Township a reasonable time to cure the unconstitutionality even after its decision.

As reasonable as the lower court's decision may seem to some of us, it simply is not the law of *Girsh*. Following the original Supreme Court decision in that case, the rights of Girsh were assigned to Ashley J. Altman and Sydney A. Altman who, after being denied, brought an action of mandamus to require the issuance of a building permit. In the meanwhile, the Township had enacted an ordinance providing for apartment uses in the Township, but not including the tract under consideration in the initial challenge. The lower court denied the request that a writ of mandamus issue. The Supreme Court of Pennsylvania, in response to a petition, entered the following order: "Now, this 29 day of August, 1972, upon consideration of the petition for enforcement of this Court's order in Girsh Appeal, 437 Pa. 237, 263 A. 2d 395 (1970), and the answer thereto, the Building Inspector of Nether Providence Township is directed to issue a building permit to petitioners to construct apartments upon petitioners' filing of appropriate building plans, drawings and specifications in compliance with the Township Building Code.

// PER CURIAM"

We must conclude that the same result obtains here. This case is clearly distinguished from *Willistown Township v. Chesterdale Farms, Inc.*, 7 Pa. Commonwealth Ct. 453, 300 A. 2d 111 (1973), wherein this Court divided equally as to whether an ordinance passed to cure the constitutional defect had in fact done so. In that case, the appellant was not a party and was not claiming through a party that had successfully attacked the ordinance.

Here, appellee cannot claim the benefit of the pending zoning ordinance doctrine. The curative amend-

ment plainly was not pending at the time the action was initiated. No doubt the possibility of an amendment was uppermost in the minds of the Board of Supervisors, but the only action it had taken on the matter was taken on September 29, 1969, at which time amendments to the zoning ordinance were considered. One amendment would have permitted multi-family units. This amendment was not adopted. As a matter of fact, the minutes show "The Board then announced that they would delete the entire multi-family section from the ordinance and map upon adoption." If this is notice of anything, it is that not only is the matter not pending, but it has been acted upon adversely to those having hopes that multi-family units would be permitted. It was not until May 1, 1970, that the first publication which meets the test of the pending zoning ordinance doctrine was made, resulting in the ordinance being adopted on May 25. Appellant's application was dated and mailed April 11 and received April 13.

Appellant filed a preliminary plot plan and a summary sheet showing the proposed multi-family residential development it requested permission to build. With its letter to the Zoning Hearing Board, which was its notice pursuant to the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, as amended, Article IX, §910, 53 P.S. §10910, in its Notice of Zoning Appeal, pursuant to Section 1001 of the Municipalities Planning Code, 53 P.S. §11001, appellant set forth the description of the property and included the plot plan and summary sheet previously filed. The court below indicated in a footnote that this did not constitute a complete zoning application. Nevertheless, the appellee, in its brief, acknowledged that it considered this an application for a building permit. ". . . applicant, Appellant, submitted an application

for permission to permit the use of his land for multi-family development." It is certainly sufficient to come within the order of *Girsh*.

The decision of the court below is reversed, and the building inspector of Warwick Township is directed to issue a building permit to the appellant to construct apartments upon appellant's filing of appropriate building plans, drawings, and specifications consistent with the plot plan heretofore filed and in compliance with the Township Building Code.