Northampton Township, Appellant, *v.* G.R.S.H., Inc., Appellee.

Argued June 5, 1974, before President Judge Bowman and Judges Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Crumlish, Jr. did not participate.

*E. Dillwyn Darlington,* with him *Cadwallader, Darlington & Clarke,* for appellant.

*Harry C. Barbin,* for appellee.

OPINION BY JUDGE BLATT, July 23, 1974:

On February 8, 1972, G.R.S.H., Inc. filed an application with the Zoning Officer of Northampton Township (Township) for zoning and building permits to construct townhouses on a 46 acre tract of land in the Township. At the time the application was filed, the Township's zoning ordinance made no provision for multi-family dwellings or townhouses anywhere in the Township and the application was therefore denied by the Zoning Officer. G.R.S.H. then appealed to the Township's Zoning Hearing Board (Board), challenging the constitutionality of the zoning ordinance. Additionally, on February 29, 1972, G.R.S.H. advised the Township Board of Supervisors of its challenge to the validity of the zoning ordinance on the basis that the ordinance failed to provide for multi-family dwellings. It did so in order to secure the relief authorized by Sections 802 and 1009(2)[1] of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805 (MPC).

The Board held extensive hearings and made findings of fact,[2] after which G.R.S.H. appealed to the Court of Common Pleas of Bucks County. That court, without taking any additional evidence, held that the Township's zoning ordinance was invalid because exclusionary and that a subsequently passed amendment allegedly curing the deficiency to the ordinance could not be considered. It ordered the requested permits

---

[1] These sections were subsequently repealed by the Act of June 1, 1972, P. L.    , No. 93. Because this action was begun prior to the effective date of Act 93, however, these sections are still applicable herein. See Section 103 of the MPC, 53 P.S. §10103.

[2] Section 910 of the MPC, 53 P.S. §10910, prior to its amendment by Act 93, provided that when a challenge to the validity of an ordinance is presented a zoning hearing board shall only take evidence, make a record and enter findings on all relevant issues of fact.

issued to G.R.S.H. The Township has appealed to this Court.

Initially we must note that, as of the date G.R.S.H. applied for its permits, it would seem clear that the Township's zoning ordinance excluded multi-family dwellings and townhouses, and the Township apparently does not dispute that the ordinance was thus invalid as being exclusionary under the reasoning of *Girsh Appeal*, 437 Pa. 237, 263 A. 2d 395 (1970) and *Camp Hill Development Co., Inc. v. Zoning Board of Adjustment of the Borough of Dauphin*, 13 Pa. Commonwealth Ct. 519, 319 A. 2d 197 (1974). A question arises, however, as to the effect of a subsequently enacted amendment to the zoning ordinance which allegedly cured this defect.

The record indicates that the Township Planning Commission and the Township Board of Supervisors had been considering the possibility of a planned residential development (PRD) amendment to the Township zoning ordinance since sometime in 1970. It was not until February 24, 1972, however, that notice of a public hearing to consider a PRD ordinance was first advertised, and it was September 20, 1972 when such an ordinance, Ordinance 129, was adopted.[3] The Township argues that the ultimate adoption of this ordinance cured the challenged deficiencies in the earlier zoning ordinance, and validated its earlier refusal to grant the requested permits to G.R.S.H. We cannot agree.

Our case of *Casey v. Zoning Hearing Board*, 8 Pa. Commonwealth Ct. 473, 303 A. 2d 535 (1973), is controlling and it prohibits our consideration of Ordinance 129. We held in *Casey, supra*, that a curative amendment to an ordinance forbidding multi-family dwellings anywhere in a municipality, adopted before any deci-

---

[3] We have recently considered a challenge to this same ordinance in *Northampton Residents Association v. Northampton Township*, 14 Pa. Commonwealth Ct. 515, 322 A. 2d 787 (1974).

sion in a case challenging the validity of the zoning ordinance, might not be considered.[4] We noted that the curative amendment was not pending at the time that action was initiated, which is also true in this case, for an ordinance is not pending until a municipality declares publicly its intention to enact it. "This declaration does not occur until the municipal council advertises that a public meeting will be held to consider the proposed amendment. Discussion by council alone is not a public declaration." *Cameron v. Greensburg,* 3 Pa. Commonwealth Ct. 209, 212, 281 A. 2d 271, 272 (1971). *See Mutzig v. Hatboro Board of Adjustment,* 440 Pa. 455, 269 A. 2d 694 (1970) ; *Lhormer v. Bowen,* 410 Pa. 508, 188 A. 2d 747 (1963) ; *Borough of Monroeville v. Effie's Ups and Downs,* 12 Pa. Commonwealth Ct. 279, 315 A. 2d 342 (1974). Here public notice of the proposed amendment was given for the first time on February 24, 1972, yet G.R.S.H.'s application for permits was filed on February 8, 1972. Clearly the amendment was not pending at the time the application was filed.[5] And, in view of the time interval indicated, we cannot hold that G.R.S.H. acted in bad faith in filing its application or simply engaged in a "race to the courthouse" to beat the enactment of the allegedly curative amendment.

In any case, however, G.R.S.H. also acted pursuant to the provisions of the now repealed Section 802 of the MPC, which provided in pertinent part:

---

[4] Because of the disposition we make of this case, we need not determine whether or not Ordinance 129 did in fact cure the exclusionary defects in the Township's zoning ordinance.

[5] The Township has cited the case of *Boron Oil Company v. Kimple,* 445 Pa. 327, 284 A. 2d 744 (1971), in support of its position that the proposed ordinance was pending prior to the application by G.R.S.H. But we note in that case that the proposed rezoning was advertised two weeks prior to the filing of the application for a building permit.

"Notwithstanding any provision contained in section 801 of this act, a landowner desiring to challenge the validity of any provision of a zoning ordinance, subdivision and development ordinance or official map or any amendment thereof, may elect to file a complete application for development, either preliminary or final, with the appropriate agency or officer and demand that such agency or officer decide in what respects the application accords with the provisions of the governing ordinance or map and in what respects it conflicts therewith:

* * *

"(2) Upon receipt of the decision, the landowner may immediately pursue the administrative and judicial proceedings available to challenge the provisions found to be in conflict with his application. In addition, he may elect to serve a copy of the decision upon the governing body together with copies of his application and notice of his intention to secure the special relief authorized by this section and clause (2) of section 1009. If the landowner elects to serve such notice, the governing body shall have sixty days from the receipt thereof within which it may amend the challenged provisions of the ordinance or map. *If no amendment is adopted within the sixty day period, the court rendering the decision upon the challenge shall disregard any subsequent amendment and may, if it holds the challenged provisions invalid, enter judgment ordering the appropriate agency or officer to approve the landowner's application as filed.* If an amendment is adopted within the sixty day period, the landowner may accept the amendment and dismiss his action without prejudice to his right to raise the same issues in another action; or he may amend his complaint and challenge the amended provisions and if such amended provisions are held invalid by the court, the court shall have power to enter judgment ordering the appropriate agency or officer

to approve the landowner's application as filed." (Emphasis added.)

The Township clearly failed to act on the challenged provisions of its zoning ordinance within sixty days of receiving notice from G.R.S.H. The lower court therefore acted properly in refusing to consider Ordinance 129, even if it did in fact serve to cure the defects of the zoning ordinance.

The Township has argued, however, that instead of granting G.R.S.H.'s application, the lower court should have stayed the effect of its judgment pursuant to Section 1009(2) of the MPC until the Board of Supervisors had an opportunity to amend the zoning ordinance. Section 1009(2)[6] provided: "Where the appeal involves a challenge to the validity of any ordinance or map the court shall have power to declare the ordinance, map or any provisions thereof invalid and, in addition thereto, shall have power to: (i) enter judgment in favor of the landowner as provided in section 802, *or* (ii) stay the effect of its judgment for a limited time to give the local governing body an opportunity to modify or amend the ordinance or map in accordance with the opinion of the court." (Emphasis added.) We might doubt that this section was intended to permit a court to stay a ruling so as to enable municipal enactment of so substantial an amendment to a zoning ordinance as would be necessary in this case, but, in any case, the lower court exercised its discretion and determined not to grant such a stay. We do not believe that this constituted an abuse of discretion.

Lastly the Township alleges that the order of the lower court directs the issuance of the permits subject only to the building code and not to any other applicable codes and ordinances. We do not so understand the order of the lower court. Obviously it is only the zon-

---

[6] Repealed by Act 93.

ing ordinance which is here in question, and the right of G.R.S.H. to receive the permits here applied for does not eliminate the necessity for it to be in compliance with any other codes, ordinances or statutes which might in fact be applicable to it. If there are any such requirements, we are confident, of course, that the Township will not act unreasonably in enforcing them.

For the above reasons, therefore, we affirm the order of the court below.