IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chairman of the Boards, Inc.,      :
                    Appellant    :
                         :   No. 421 C.D. 2021
           v.          :
                         :   Argued: October 18, 2021
Zoning Hearing Board of the     :
Borough of Wilkinsburg,        :
Borough of Wilkinsburg, and     :
Lamar Advertising, Inc.         :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH              FILED: December 30, 2021

Chairman of the Boards, Inc.[1] (Appellant) appeals from the March 16, 2021 order of the Court of Common Pleas of Allegheny County (trial court), which affirmed the decision of the Zoning Hearing Board (ZHB) of the Borough of Wilkinsburg (Borough).

**A. Statement of Facts**

In November of 2012, Appellant applied for a permit for the construction of a 14' by 48' double-sided lighted outdoor advertising billboard on property located

---

[1] Chairman of the Boards, Inc. is an outdoor advertising company with displays and billboards in the areas surrounding Pittsburgh, Pennsylvania.

on 400 Sherwood Road, Pittsburgh, Pennsylvania (Property).[2] (R.R. at 18a-32a.) The Property is situated in an R-2 Residential One and Two-Family zoning district and is currently developed and operated as the Sherwood Event Center, comprised of an outdoor pool, event space, and outdoor hockey rink. *Id.* at 98a-99a. The Borough's Zoning Officer and Director of Code Enforcement, Eric Parrish (Zoning Officer), denied the application based on section 260-49(f) of the Borough's then-operative zoning ordinance, which excluded billboards and all off-site advertising signs from all zoning districts within the Borough. *Id*. at 39a-40a. Appellant appealed, challenging the substantive validity the Borough's zoning ordinance pursuant to section 916.1 of the Pennsylvania Municipalities Planning Code[3] (MPC). *Id*. at 41a-42a. After a public hearing, the ZHB issued a written decision on January 29, 2013, concluding that section 260-49(f) of the ordinance constituted an impermissible *de jure* exclusion of billboards in the Borough and granted Appellant site-specific relief to construct the billboard on the Property (the "2013 Decision"). *Id*. at 43a-45a. The 2013 Decision specifically stated:

> The Applicant is entitled to the site-specific relief sought in the Application and shall be permitted to construct a 14' x 48' double-sided billboard at 400 Sherwood Road, Pittsburgh, PA 15221, in accordance with the Application filed with the Borough.

*Id*.

---

[2] The Property was owned by Hosanna House, Inc., which wished to construct the billboard as a means to raise revenue to support the charitable work it does. (Reproduced Record (R.R.) at 98a.)

[3] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §10916.1.

2

The 2013 Decision also recommended that the Borough Council amend its zoning ordinance to permit billboards and other off-site advertising signs and establish reasonable objective standards and regulations governing their use. *Id*.

On August 7, 2013, Borough Council adopted an ordinance (Amended Ordinance) permitting outdoor advertising signs (billboards) as a conditional use in the IND-Industrial and C-1 Commercial districts, but still prohibiting billboards in the R-2 zoning district, where the Property is situated. *See* Borough of Wilkinsburg Zoning Ordinance, §260-709.

According to Appellant, it applied for a permit shortly after the 2013 Decision but did not pay the requisite fee. It is undisputed that Appellant never actually obtained a building permit from the Borough and it did not pursue the issuance of the building permit in 2013 or at any time thereafter.

In October of 2019, nearly six years after the 2013 Decision was rendered, Appellant filed a new application with the Borough seeking to construct the same billboard that was the subject of the 2013 Decision. (R.R. at 49a-50a.) The Zoning Officer denied Appellant's request and advised Appellant that a new permit application was required because the ordinance had been amended, and Appellant would have to establish compliance with the new zoning regulations. *Id.* at 46a-48a. The Zoning Officer cited sections 260-902(D) (Abandonment or discontinuance of nonconforming uses) and 260-905 (Nonconforming signs) of the Amended Ordinance to support the determination that "the use and sign is considered abandoned" and "[a] resubmission for zoning approval is required" and cited section 260-702 (Signs) of the Amended Ordinance to support the determination that Appellant was precluded from constructing the billboard on the Property unless Appellant could establish compliance with the Borough's Amended Ordinance. *Id.*

3

On November 22, 2019, Appellant appealed the denial to the ZHB, arguing that the site-specific relief granted to it in 2013 made the billboard a permitted, not a nonconforming, use of the Property, and that the award of site-specific relief in 2013 "attached to the land," and as such could not be made subject to or defeated by the Borough's Amended Ordinance adopted thereafter. *Id*. at 50a.

A duly advertised public hearing was held on February 5, 2020, before the ZHB. The Borough and Lamar Advertising (Lamar), through their respective counsel, appeared at the public hearing in support of the Zoning Officer's denial. At the hearing, there was conflicting evidence as to whether Appellant actually "filed for" a building permit after the 2013 Decision. It was undisputed that Appellant never paid the requisite permit fee and that Appellant never obtained a permit. According to Appellant's owner, Linda Staffilino:

a. Appellant applied for, but never obtained, a building permit for the billboard from the Borough after the issuance of the 2013 Decision. (R.R. at 93a).

b. Appellant never paid any applicable building permit fees for the issuance of a building permit for the billboard. (R.R. at 93a).

c. Appellant never constructed the billboard after the issuance of the 2013 Decision. (R.R. at 90a-91a).

Consistent with Staffilino's testimony, Appellant's counsel represented to the ZHB at the hearing that a building permit for the billboard was never issued. Specifically, Appellant's counsel represented to the ZHB that "[t]here was no permit issued the first time. We never had it, and we never got it, and we never paid for it." (R.R. at 157a.)

4

In response, the Borough argued that under section 916.1(g) of the MPC, 53 P.S. §10916.1(g), Appellant had one year within which to file for a building permit, which did not occur. The Borough presented testimony of its Zoning Officer who confirmed that one of the conditions to obtain a permit is that one must pay the fee associated with the permit. R.R. at 119a. The Zoning Officer also explained that if a permit was issued, under the Uniform Construction Code,[4] an applicant, like Appellant here, would have had 180 days after the permit's issuance to begin the construction work authorized by the issued permit or the permit becomes null. *Id*. at 109a.

### B. ZHB's Decision

After the hearing, the ZHB made the following relevant findings of fact:

6. In [the 2013 Decision], the [ZHB] . . . granted site-specific relief to [Appellant] to construct a Billboard on the Property.

7. At the 2020 Hearing, Ms. Staffilino testified that [Appellant] filed an application for the building permit after the 2013 Decision but never paid the fee and she was unsure whether a building permit was issued by the Borough.

8. [The Zoning Officer] testified that according to the Borough's computer records, the Borough issued a building permit for the Billboard in "June or July of 2013" but no building permit was produced at the 2020 Hearing or thereafter.

9. Attorney Finnegan, counsel for [Appellant], argued in his closing that "[t]here was no permit issued the first time. We never had it, and we never got it, and we never paid for it."

10. [The Zoning Officer] testified that under the applicable construction codes adopted by the Borough that were in effect at the time [Appellant] submitted an application for a

---

[4] 34 Pa. Code §§401.1-405.42.

5

building permit in 2013, such permit, if it had been issued, would have expired in the event that [Appellant] failed to commence construction within 180 days from the date that the permit was issued.

11. It is undisputed by the parties that no construction activities related to the Billboard ever occurred on the Property between the 2013 Decision and the date of the Hearing.

12. Under Section 260-709 of the current Borough Zoning Ordinance, Billboards may be authorized by the Borough Council as a conditional use only in the IND and C-1 Zoning Districts. Billboards are not permitted in the R-2 Zoning District under the current Zoning Ordinance.

13. If the [ZHB] determines that the site-specific relief granted pursuant to the 2013 Decision expired or is otherwise no longer valid, then [Appellant] would require a use variance or in the alternative, an acknowledgment that the Billboard is authorized as a preexisting nonconforming use. [Appellant] did not present evidence in support of either of these alternative theories.

(ZHB Decision, 8/6/20, Findings of Fact (F.F.) Nos. 6-13 at 2-3.)

Based on these findings of fact, the ZHB concluded that "the site-specific rights granted pursuant to the 2013 Decision have lapsed. *See* 53 P.S. §10916.1(g)." *Id*. at 5. The ZHB found that Appellant did not secure a building permit within one year of the issuance of the 2013 Decision, and, even if it did, its request for relief still failed because it did not commence construction of the billboard within 180 days in accordance with construction codes adopted by the Borough that were in effect at the time.

The 2013 Decision stated that "[Appellant] is entitled to site-specific relief sought in the Application and shall be permitted to construct a 14' x 48' double-sided billboard at

6

[the Property] in accordance with the Application filed with the Borough."

Although the testimony at the 2020 Hearing by various witnesses, including the Zoning Officer, was inconsistent with respect to whether a building permit was actually issued by the Borough, [Appellant's] counsel stated at the 2020 Hearing that "there was no permit issued the first time. We never had it, and we never got it, and we never paid for it." Moreover, it is undisputed that no construction activity occurred at the Property in furtherance of the installation of the Billboard between the 2013 Decision and the 2020 Hearing.

Even if [Appellant] had obtained a building permit after the 2013 Decision, the Borough Zoning Officer testified that pursuant to the construction codes in existence at that time, the building permit would have expired where no construction commenced within 180 days.

*Id.*

### C. Trial Court's Decision

Appellant appealed to the trial court, which took no additional evidence. By order and opinion dated March 16, 2021, the trial court concluded that the ZHB did not commit any errors of law or abuse its discretion in denying Appellant's requested relief because the ZHB appropriately found that the site-specific relief granted in 2013 was abandoned. The trial court explained:

Appellant's October 2019 building permit application request was denied because the site-specific relief of the Property had been abandoned. The original site-specific approval was issued in January of 2013. The testimony at the [ZHB] hearing was inconsistent as to whether a building permit was issued by the Borough. However, it is undisputed that no construction activity occurred at the Property between the 2013 Decision and the 2020 hearing. If a building permit

7

had been issued, then the Ordinance required [it] to begin construction within 180 days. . . . Under either scenario, [Appellant] failed to act on the grant of the site-specific relief and accordingly those rights have lapsed.

(Trial ct. op., 3/16/21, at 4-5).

### D. Analysis

Appellant now appeals.[5] It argues that the ZHB committed an error of law and manifestly abused its discretion when it determined that the site-specific relief granted to Appellant in 2013 had lapsed and/or been abandoned. It offers five arguments in support, each of which we find lack merit for the following reasons.

### 1.

First, Appellant argues that the Amended Ordinance[6] (adopted to cure the original ordinance), which the Borough relied on to deny Appellant's 2019 request for the building permit, cannot be applied to overcome the site-specific relief granted to Appellant in 2013. Appellant cites *Casey v. Zoning Hearing Board*, 328 A.2d 464, 468 (Pa. 1974), and *Fernley v. Board of Supervisors of Schuylkill Township*, 502 A.2d 585 (Pa. 1985), for the proposition that

a zoning provision adopted by a municipality which cures the constitutional infirmity but which was not considered or advertised prior to the filing of the challenger's application

---

[5] In a zoning appeal, such as here, where the trial court takes no additional evidence, this Court's scope of review is limited to determining whether the zoning hearing board committed an error of law or a "manifest abuse of discretion," meaning it made findings of fact which are not supported by substantial evidence. *Sowich v. Zoning Hearing Board of Brown Township*, 245 A.3d 1188, 1195 (Pa. Cmwlth. 2021) (*citing Valley View Civic Association v. Zoning Board of Adjustment*, 462 A.2d 637, 639 (Pa. 1983)); *see also In re Ridge Park Civic Association*, 240 A.3d 1029, 1031 (Pa. Cmwlth. 2020). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

[6] Again, the Amended Ordinance prohibited billboards in the R-2 zoning district, and Appellant would have to apply for, and establish, that it was entitled to a variance.

> for review of the zoning ordinance, may not be given effect for purposes of fashioning the appropriate relief to be awarded to the successful challenger.

*Fernley*, 502 A.2d at 589.

Appellant further contends that under Pennsylvania law,

> if a governing body determines that its ordinance is defective because it totally prohibits the use proposed by the challenging landowner, then the governing body must permit the challenging landowner to develop his land as proposed in the "plans and other materials" submitted with the challenge, provided, of course, that what is submitted is reasonable, and not injurious to the public health, safety, welfare, and morals.

*Adams Outdoor Advertising, Ltd. v. Hanover Township Zoning Hearing Board,* 633 A.2d 240, 245 (Pa. Cmwlth. 1993) (internal citation omitted).

Appellant argues that, under *Casey* and *Fernley*, because in 2013 it successfully challenged the substantive validity of the original ordinance, which prohibited billboards in all zoning districts, the Amended Ordinance, which ostensibly cured the exclusionary defect (but still prohibits billboards in the R-2 zoning district), cannot now be used to deny Appellant relief. In other words, it contends that the site-specific relief awarded in 2013 attached to the Property in perpetuity and never expires.

Initially, we agree with Appellant that under *Casey* and *Fernley*, the Borough was required to permit Appellant to develop its Property as proposed in the plans submitted with the validity challenge, provided, of course, that what is submitted is reasonable, and not injurious to the public health, safety, welfare and morals. The landmark decision concerning the remedy for an invalid zoning ordinance is our Supreme Court's decision in *Casey*. *Casey* requires that a successful challenger to a zoning ordinance be granted the relief requested unless the government unit proves that

9

the proposed use will be injurious to the public health, safety, and welfare. *Casey* considered:

> [W]hether a court has the power to grant an applicant-challenger definitive relief upon rendering a zoning ordinance constitutionally infirm. . . . "Obviously, if judicial review of local zoning action is to result in anything more than a farce, the courts must be prepared to go beyond mere invalidation and grant definitive relief." To forsake a challenger's reasonable development plans after all the time, effort and capital invested in such a challenge is grossly inequitable.

328 A.2d at 469 (citation omitted) (footnotes omitted). Further, a township may not retroactively enact a zoning provision that cures the constitutional infirmity in order to avoid a court's order to allow the challenger's proposed use. In *Fernley*, landowners successfully challenged the township's zoning ordinance as *de jure* exclusionary of multi-family dwellings. Our Supreme Court remanded with instructions to approve the landowners' request unless the township could show that the plan was incompatible with the site or reasonable, preexisting health and safety codes and regulations relating to land, structures, or other emplacement on land existed. Again, our Supreme Court reflected on *Casey*, reasoning that an applicant, successful in having a zoning ordinance declared unconstitutional, should not be frustrated in his quest for relief by a retributory township. *Fernley*, 502 A.2d at 589 (quoting *Casey*, 328 A.2d at 469). While approval of a challenger's plan is not automatic but must be predicated on the suitability of the proposed site and various health and safety considerations, the *Fernley* Court specifically held that a zoning provision adopted by a municipality that cures the constitutional infirmity but that was not considered prior to the filing of the challenge

to the zoning ordinance, may not be given effect for purposes of fashioning the appropriate relief to be awarded to the successful challenger.

As Appellant correctly points out, the reason behind the law's protection of a successful challenger to an exclusionary ordinance from a municipality's enforcement of the provisions of an ordinance amended or enacted thereafter is to bar a municipality from attempting to thwart a valid zoning challenge by enacting a zoning amendment after a zoning challenge has been filed. *Casey*, 328 A.2d at 469. However, that is not what happened here. Appellant submitted a substantive validity challenge to the then-existing zoning ordinance which precluded billboards in any zoning district in the Borough. Appellant was successful and was permitted to develop the Property as proposed, subject to certain reasonable restrictions, regardless of how the Property was zoned. That is, it was allowed to construct the billboard in the R-2 zoning district even though it was technically prohibited under the Amended Ordinance. If the ZHB had not awarded Appellant site-specific relief at the time it sustained Appellant's substantive validity challenge, then an analysis under *Casey* and *Fernley* would be relevant. However, that is not the issue before us. Six years lapsed from the time Appellant was awarded the right to construct the billboard in an R-2 zoning district and Appellant's first steps towards constructing the billboard. Thus, the issue before us must necessarily consider the six-year lapse.

To determine if Appellant has a vested right to develop its land in accordance with its plans without regard to time limits, an analysis under section 916.1(g) of the MPC, 53 P.S. §10916.1(g), is appropriate. Section 916.1(g) of the MPC, 53 P.S. §10916.1(g), which became effective in 2001, provides that where an applicant obtains site-specific relief, subsequent changes to the zoning regulations will not be applied to the subject property for a period of one year. During that one-year

11

period, the applicant must file for a building permit. After the expiration of the one-year "protected" period, the applicant is then subject to the then-adopted zoning regulations.

Section 916.1(g) provides:

Where, after the effective date of this act, a curative amendment proposal is approved by the grant of a curative amendment application by the governing body pursuant to section 909.1(b)(4)[7] or a validity challenge is sustained by the zoning hearing board pursuant to section 909.1(a)(1) or the court acts finally on appeal from denial of a curative amendment proposal or a validity challenge, and the proposal or challenge so approved requires a further application for subdivision or land development, the developer shall have two years from the date of such approval to file an application for preliminary or tentative approval pursuant to Article V or VII. Within the two-year period, no subsequent change or amendment in the zoning, subdivision or other governing ordinance or plan shall be applied in any manner which adversely affects the rights of the applicant as granted in the curative amendment or the sustained validity challenge. Upon the filing of the preliminary or tentative plan, the provisions of section 508(4) shall apply. ***Where the proposal appended to the curative amendment application or the validity challenge is approved but does not require further application under any subdivision or land development ordinance, the developer <u>shall have one year within which to file for a building permit. Within the one-year period, no subsequent change or amendment in the zoning, subdivision or other governing ordinance or plan shall be applied in any manner which adversely affects the rights of the applicant as granted in the curative amendment or the sustained validity challenge</u>***. During these protected periods, the court shall retain or assume jurisdiction for the purpose of awarding such supplemental relief as may be necessary.

---

[7] Added by the Act of December 21, 1988, P.L. 1329.

53 P.S. §10916.1(g) (italics and bold emphasis added).

The language of section 916.1(g) of the MPC is unambiguous. Where a substantive validity challenge is approved granting site-specific relief, the "developer *shall* have one year within which to file for a building permit." 53 P.S. §10916.1(g). (emphasis added). Subsection (g) makes clear that there is a "protected period" upon which the approval remains valid and upon the lapse of the one-year period, the relief granted expires unless a building permit application has been submitted within such one-year period.

Here, it is undisputed that the Borough did not apply the Amended Ordinance in a manner that adversely affected the rights of Appellant during the one-year period from the date of the 2013 Decision. It is also undisputed that Appellant, after receiving site-specific relief in 2013, failed to submit a full and complete building permit application, including payment of the applicable fee,[8] within that one-year period. Accordingly, the site-specific relief awarded in the 2013 Decision expired after one year, and Appellant had no further rights to construct the billboard that would be in violation of application regulations without further municipal approvals.

Appellant submits that, regardless of whether it was actually issued a building permit, it nevertheless complied with section 916.1(g) of the MPC because it "filed an application" for a building permit within one year of the date of the 2013 Decision. (Appellant's Br. at 25.) However, the mere filing of an application for a building permit without paying the requisite fee does not satisfy this provision. The Uniform Construction Code requires a developer to obtain building permits and pay any permit fees before commencing construction. Section 403.63(k) provides that "[a]

---

[8] Section 121-4.A(3)(a) of the Ordinance provides "[a] fee for each plan examination, building permit and inspection shall be paid in accordance with the fee schedule adopted from time to time by the Borough of Wilkinsburg." Borough of Wilkinsburg Zoning Ordinance, §121-4.A(3)(a).

permit is not valid until the required fees are collected[.]" 34 Pa. Code §403.63(k). *See also Cornell Narberth, LLC v. Borough of Narberth*, 167 A.3d 228, 238 (Pa. Cmwlth. 2017). Clearly, the intent of section 916.1(g) of the MPC is to limit the period of time a developer can take advantage of site-specific relief, which would otherwise be prohibited under the new ordinance. Merely filing an application for a permit without paying the requisite fee or taking any further measures to ensure the issuance of the permit is insufficient to toll the one-year protected period.

Moreover, as the ZHB and trial court pointed out, even if Appellant timely filed an application for a permit and paid the requisite fee, the right to receive a permit does not eliminate the necessity "to be in compliance with any other codes, ordinances or statutes which might in fact be applicable." *Northampton Township v. G.R.S.H., Inc.*, 322 A.2d 758, 762 (Pa. Cmwlth. 1974). Under section 403.43 of the Uniform Construction Code, an applicant has 180 days after the permit's issuance to begin the construction work authorized by the issued permit or the permit becomes null. 34 Pa. Code §403.43. It is undisputed that Appellant never began construction of the billboard; therefore, even if a permit had been issued, it became null after 180 days under section 403.43 of the Uniform Construction Code.

Accordingly, we conclude that the trial court neither abused its discretion nor committed errors of law in affirming the ZHB's decision that the 2013 Decision had lapsed, and that Appellant has no further rights to construct the billboard that would violate the Amended Ordinance without further municipal approvals.

**2.**

Next, Appellant argues that substantial evidence did not support the ZHB's finding that the Borough issued a permit for the billboard. It contends that under section 403.43 of the Uniform Construction Code, a permit becomes invalid unless the

authorized construction work begins within 180 days after the permit's ***issuance.*** It reasons that because the permit was never in fact issued, the 180-day limit cannot be considered when determining whether the billboard use was abandoned.

Appellant appears to fault the Borough for not issuing the permit. However, it was undisputed that Appellant failed to pay the requisite building permit fee; therefore, the Borough was not obligated to issue the permit. More importantly, the ZHB did not find that the Borough issued a building permit. Rather, it observed, as an aside, that ***even if*** Appellant had obtained a building permit after the 2013 Decision, the building permit would have expired where no construction commenced within 180 days. Notwithstanding this remark, the actual basis for the ZHB's denial of Appellant's appeal was because the site-specific relief expired under section 916.1(g) of the MPC. We have already held that the ZHB and trial court did not err in this regard. Accordingly, this issue is without merit.

**3.**

Appellant next argues that the ZHB's conclusion in Finding of Fact No. 13 that Appellant failed to present evidence that use of the Property for a billboard constituted a preexisting nonconforming use was not supported by any facts or law. Again, Finding of Fact No. 13 states:

> If the [ZHB] determines that the site-specific relief granted pursuant to the 2013 Decision expired or is otherwise no longer valid, ***then the Applicant would require a use variance or in the alternative, an acknowledgement that the Billboard is authorized as a preexisting nonconforming use***. ***The Applicant did not present evidence in support of either of these alternate theories***.

(ZHB Decision, F.F. No. 13) (emphasis added).

15

Appellant contends that its use of the Property for a billboard was not a nonconforming use and did not become a nonconforming use by virtue of the Amended Ordinance. It argues that a certificate of nonconformance was never issued by the Borough for the Property or Appellant's proposed use thereof for a billboard. Therefore, the ZHB's reliance thereon to find that a preexisting nonconforming use was abandoned constituted an abuse of discretion and error of law.

We find that Appellant misconstrues the ZHB's finding. First, the ZHB found that, since the 2013 site-specific relief lapsed, to construct its billboard now, Appellant needed a use variance *or* proof that the billboard was previously authorized as a preexisting nonconforming use. The ZHB did not hold that the billboard **was** a preexisting nonconforming use. It merely noted that since the Property is in an R-2 zoning district, it was necessary for Appellant to establish that it was entitled to a use variance or to present evidence that the billboard was previously authorized as a preexisting nonconforming use. To establish that it was entitled to a use variance, Appellant was obligated to establish, in addition to the criteria set forth in section 910.2 of the MPC, 53 P.S. §10910.2,[9] that "the property is valueless without the variance and cannot be used for any other permitted purpose." *Hertzberg v. Zoning Board of Adjustment of City of Pittsburgh*, 721 A.2d 43, 47 (Pa. 1998). We discern no error. Appellant provided no evidence or argument that the Property, which is being used as a community youth center, is valueless without the billboard.

---

[9] Pursuant to Section 910.2 of the MPC, added by the Act of December 21, 1988, P.L. 1329, the power to grant a variance is limited to only those circumstances where the applicant proves: that a zoning restriction imposes an unnecessary hardship due to unique physical conditions peculiar to his property that are not self-created; that the requested variance is necessary to enable a reasonable use of the property; that the grant of a variance will not alter the essential character of the neighborhood, nor substantially or permanently impair appropriate use or development of adjacent property, nor be detrimental to the public welfare; and that the requested variance represents the minimum variance that will afford relief and the least possible modification of the requirement.

16

**4.**

Next, Appellant takes issue with the ZHB's reliance on the Amended Ordinance, which, like its predecessor, prohibits billboards in the R-2 zoning district. Specifically, in Finding of Fact No. 12 the ZHB found:

> 12. Under Section 260-709 of the [Amended] Ordinance, Billboards . . . are not permitted in the R-2 Zoning District under the current Zoning Ordinance.

(ZHB Decision, F.F. No. 12.)

Appellant argues that the ZHB erred in "presuming" the Amended Ordinance was valid. Appellant contends that sections 108 and 917 of the MPC govern the notice the Borough is required to provide to its citizens and property owners prior to the adoption of any revised zoning ordinance. 53 P.S. §§10108, 10917. It argues that, despite its requests at the hearing, and its requests under the Right-to-Know Law[10] prior to the hearing, the Borough failed to demonstrate that it provided the public with the legally required notice of these revised zoning ordinance provisions prior to their adoption. It argues that the validity of the Amended Ordinance relied upon by ZHB cannot be presumed, and it cannot be given any credence or validity without proof of its proper advertising and adoption as required by the MPC. Therefore, Appellant contends, the ZHB's reliance thereon to deny the site-specific relief granted Appellant by the 2013 Decision constituted an abuse of discretion and error of law.

We find this issue was waived by Appellant's failure to raise it before the ZHB or the trial court. First, the record contains no procedural validity challenge to the Amended Ordinance brought pursuant to section 5571.1 of the Judicial Code, 42 Pa.C.S. §5571.1. Further, we have reviewed the transcript of the hearing and are unable to locate anywhere where counsel argued before the ZHB that the Amended Ordinance

---

[10] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-.3104.

17

was invalid. Appellant has also failed to point to anywhere in the record where the issue was raised before the trial court. Where neither the ZHB nor trial court made any determinations regarding this issue and we will not, in the first instance, address it on appeal. *See* Pa. R.A.P. 302(a) (issues not raised in the lower court are waived).[11]

**5.**

In its final issue, Appellant argues that the ZHB erred in finding that Lamar had standing as an objector. It asserts that the record is devoid of any proof that Lamar is an "aggrieved party" as Lamar failed to prove a direct interest in the adjudication and failed to prove a showing of harm.

Granting or denying a petition to intervene is within the sound discretion of the agency involved. *West Chester Area School District v. Collegium Charter School*, 812 A.2d 1172 (Pa. 2002); *Wilkinsburg Educational Association v. School District of Wilkinsburg*, 690 A.2d 1252 (Pa. Cmwlth. 1996). A decision on intervention will not be disturbed unless there has been a manifest abuse of discretion. *Wilkinsburg Educational Association*.

Here, the ZHB granted Lamar party status, concluding that "Lamar has standing to object as Lamar has [a] direct interest in the outcome of this matter, as supported by the testimony and evidence as submitted at the 2020 Hearing." (ZHB Decision, at 4.) It made the following findings of fact with regard to Lamar's standing:

> 14. Lamar has been issued permits by the Pennsylvania Department of Transportation to construct and operate outdoor advertising signage on a parcel of property located

---

[11] Any such procedural validity challenge would likely be time barred because over six years have lapsed. *See* 42 Pa.C.S. §5571.1(e)(2); *Messina v. East Penn Township*, 62 A.3d 363, 371 (Pa. 2012) (property owners failed to satisfy their burden of rebutting applicable presumption of reliance, on challenge to township zoning ordinance based upon claim of failure of public notice brought 12 years after enactment of challenged ordinance).

18

at 1001 Brinton Road, Pittsburgh, PA 15221 in the Borough of Braddock Hills (the "Lamar Property"). (T. 67).

15. The Lamar Property is located approximately 2,500 feet from the Subject Property. (Objector's Exhibit 1).

*Id.*, F.F. Nos. 14-15.

Pursuant to 2 Pa.C.S. §752, regarding local agency adjudications, aggrieved party standing requires: (1) the party aggrieved to have a "direct interest in such adjudication," and that such interest be "substantial"; and (2) a "showing of harm to that direct substantial interest caused by the matter complained of." *Pittsburgh Trust for Cultural Resources v. Zoning Board of Adjustment of City of Pittsburgh*, 604 A.2d 298, 302 (Pa. Cmwlth. 1992).

We discern no error in the ZHB's determination that Lamar had standing. Lamar demonstrated at the hearing that it has a direct interest in the outcome of this matter, as supported by the uncontroverted testimony and evidence. According to the evidence presented at the hearing credited by the ZHB, Lamar maintains an easement on a parcel of property located at 1001 Brinton Road, which is located approximately 2,500 feet from the Property. (R.R. at 130a). The easement provides Lamar with a perpetual nonexclusive easement for roadway and utility access, and for the construction, operation, maintenance, and replacement of outdoor advertising signs. Lamar presented evidence that Appellant's billboard, if approved, could have direct impacts on Lamar's ability to locate and operate outdoor advertising signage upon Lamar's property based upon distancing restrictions and other regulations imposed by the Pennsylvania Department of Transportation.[12]

_____

[12] Notably, at the hearing, Appellant's counsel raised no objection to Lamar's standing until after Lamar was permitted to fully participate in the hearing, granted party status, cross-examined Appellant's two witnesses, questioned the Borough's Zoning Officer, and reviewed and objected to proposed exhibits.

For all the foregoing reasons, we affirm the order of the trial court.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Crompton did not participate in this decision.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chairman of the Boards, Inc., :
    Appellant :
       : No. 421 C.D. 2021
    v.   :
       :
Zoning Hearing Board of the :
Borough of Wilkinsburg, :
Borough of Wilkinsburg, and :
Lamar Advertising, Inc. :

## ***ORDER***

   AND NOW, this 30th day of December, 2021, the March 16, 2021 order of the Court of Common Pleas of Allegheny County is hereby AFFIRMED.

         _____

         PATRICIA A. McCULLOUGH, Judge